## SUPREME COURT.

### John Moore agt. Loftis Wood.

The statute authorizes an *appeal* from the city court of Brooklyn to the supreme court, " from any judgment or final determination of said city court, and from any *intermediate order* involving the merits and necessarily affecting the *judgment.*"

The question is, will an appeal lie upon such an order made *before judgment ?*

*Held,* that it will, consequently where the judge of the city court made an order setting aside a verdict, and ordering a new trial, and an appeal taken from such order before judgment; *held,* reviewable in this court.

A party cannot move to set aside a *verdict* in his own favor, on the ground that the *damages* found by the jury were *too small,* or in other words, on the ground that the evidence was insufficient to sustain the verdict. His remedy is by a motion for new trial upon a *case.*

*Dutchess General Term, May,* 1860
*Present,* Lott, Emott *and* Brown, *Justices.*

This case comes to us by an appeal from an order made by the judge of the city court of Brooklyn, setting aside a verdict and ordering a new trial. No judgment has yet been rendered in the court below, and the counsel for the respondent makes the objection that an appeal will not lie to this court from an order made before judgment.

By the court, Emott, Justice. Section 6 of the act establishing the city court of Brooklyn, as amended in 1850 (*Laws of* 1849, *ch.* 125, *p.* 170 ; *Laws of* 1850, *p.* 148), authorizes an appeal to this court " from any judgment or final determination of said city court, and from any intermediate order involving the merits, and necessarily affecting the judgment." It is conceded that the order now appealed from is one which involves the merits, and will necessarily affect the judgment; but it is contended that the section does not give a direct appeal from such orders, but was only intended to confer upon the appellate court the right to review these intermediate proceedings upon an appeal from

the final judgment. This construction is founded mainly upon the use of the word " and," as the copula between the two branches of the section, and upon the language " necessarily affecting the judgment," which it is contended implies that the judgment must have been already entered before the appeal can be taken. .

We are of opinion that such an inference cannot properly be drawn from the language of this section, but from it, as well as from other parts of the Code of Procedure, either directly affecting such cases or regulating appeals in general, it is clear that this appeal is properly brought. The argument of the defendant's counsel is, that if the legislature had intended, by this section, to authorize appeals directly from orders as well as from judgments, they would have made use of the disjunctive " or " between the two clauses of the section, so that it would read, " from any judgment, &c., or from any order, &c." But this section is an enumeration of the cases, in which jurisdiction is conferred upon this court to entertain appeals from the city court, and of different classes and kinds of proceedings in the latter tribunal from which such appeals will lie. It is an enumeration in which final judgments and intermediate orders are connected, things of a different nature, and not varieties of the same proceeding. There seems to us to be no reason why the word " and " may not properly be used to connect and accumulate the various kinds of determinations and proceedings of the inferior court, which the appellate court is instructed to review. It is not the case of various proceedings or determinations of the same essential nature and class, which would therefore require the use of a disjunctive conjunction to distribute them into subdivisions and classes, in order to give a right of appeal from each. If the statute were speaking of orders only, and used the word " and " to connect the successive clauses of description which it contained, it might be a fair construction, according to the legitimate rules of legal hermeneutics, to

hold that these clauses indicated so many additional characteristics, which must all be found in the subject to which the statute referred, before it could come within its views. Thus, in the very section before us, an appeal is allowed from an order "involving the merits, and necessarily affecting the judgment ;" and the use of the word *and* instead of *or* shows clearly that the legislature intended that an order, to be appealable, must both involve the merits and affect the judgment. In order to distribute the term order, the disjunctive " or " would in strictness have been necessary. Even this rule, however, cannot always be applied to the present legislation of the state. For example, in the second subdivision of section 11 of the Code, as amended in 1857, which applies exclusively to appeals to the court of appeals from one kind of determination made by inferior courts, to wit, orders, jurisdiction is given to review " every determination made by such courts in an order affecting a substantial right, when such order, in effect, determines the action and prevents a judgment, from which an appeal might be taken, and when such order grants a new trial." Here an entirely new subdivision of orders is introduced, and a new jurisdiction given to review them, by the use of the copulative conjunction in the statute. The residue of this section, as amended, is taken up with provisions relating to the new class of appeals respectively, and it has never been supposed that the effect of the amendment has been to add to the requisites which must previously have been found in every appealable order, that it must also grant a new trial. It is enough, however, for the present purpose to say that in a statute containing an enumeration of subjects, the use of a disjunctive conjunction is not necessary to distribute these subjects where they are of different natures and characters. The word " and " was properly used in the section we are now construing to add to and increase the different kinds of determinations made by the city court, which we are authorized to review.

There are one or two other considerations which make this exceedingly plain. There is a striking difference between the phraseology of this section and that regulating appeals to the court of appeals. Upon the construction contended for by the plaintiff's counsel, we obtain by this statute merely the power upon an appeal from a judgment, to review an intermediate order of the character here described, the same power possessed in that respect by the court of appeals in reviewing the proceedings of subordinate tribunals. But in the case of appeals to that court, the language of the statute is, that they shall have jurisdiction to review a final determination of an inferior court made " *in a judgment*, &c., and upon the appeal from such judgment to review any intermediate order, &c." This language is plain, and this subdivision in the section gives no right of appeal from orders. But it is very different from the language employed in the statute now under examination. The connection between the different clauses of section 6 of the city court act, is more like that between the three subdivisions of section 11 of the Code, and the phraseology employed in the 1st subdivision of the latter section, only serves to strengthen the construction we adopt. Again, by section 329 of the Code, it is enacted that " upon an appeal from a judgment, the court may review any intermediate order involving the merits, and necessarily affecting the judgment." This is applicable to all classes of appeals, and, among others, to appeals from the city court, and it obviously rendered the second clause of the section under consideration unnecessary, if its only effect would be to authorize or require the examination of orders of this description when the case came up on appeal from the final judgment.

As to the criticism upon the words " necessarily affecting the judgment," it is sufficient to say that these words must be construed with reference to the residue of the section. They are fairly susceptible of a construction which will

apply them either to a judgment which has been, or to one which is to be rendered. As the statute distinctly gives a right of appeal from orders before judgment, the qualification which it attaches, that they must affect the judgment, must mean that they will necessarily affect that judgment when it shall be given.

We are of opinion that the appeal in this case was well taken, and that we must consider whether the order appealed from was properly made. Upon this point we are satisfied, by an examination of the papers, that the proceedings in the city court were incorrect, and that the order made by the city judge was one which he had no right to grant.

The action was by a lessee against his lessor, for damages occasioned by a breach of covenants in a lease. The defendant denied the breach, and also set up a counter claim. At the trial the plaintiff had a verdict for six cents damages. He thereupon moved the court to set aside this verdict in his favor. This motion was made upon the minutes of the judge, under § 264 of the Code. It was granted, and an order made setting aside the verdict, and directing a new trial, from which this appeal is taken. The cause of complaint by the plaintiff obviously was in the court below, that the damages found by the jury were too small. There is, indeed, one exception taken by the plaintiff in this case, but it was not well taken, and does not require any notice. The order undoubtedly proceeded upon the insufficiency of the damages. The difficulty is, that the Code does not permit a motion for a new trial for such a cause to be heard upon the judges minutes. It authorizes this mode of reviewing the proceeding at a trial only in three cases, upon exceptions, for insufficient evidence and for excessive damages. By insufficient evidence is intended a case where the verdict is contrary to the evidence, not where the jury have found a verdict upon evidence, but have ignorantly or perversely found too some

damages.  A verdict for excessive damages is in one sense
a verdict upon insufficient evidence, but its enumeration in
the statute shows that it was not supposed to fall, necessa-
rily or properly, within that class of cases.  A verdict upon
insufficient evidence, means a verdict for a party upon evi-
dence insufficient to establish his right to recover, and
which therefore ought not to stand.  A party cannot move
to set aside a verdict in his own favor, on the ground that
the evidence was insufficient to sustain it.  That was this
case, and the court below erroneously entertained the
motion.  The only remedy of the plaintiff was by a motion
for a new trial upon a case.

The order appealed from was therefore erroneous, and
must be reversed, with costs.