JACOB CARPENTER, APPELLANT, v. LOUISA A. BEARE, RESPONDENT.

*Inadequate damages — how question as to, reviewed — motion for new trial.*

A party cannot, on appeal from a judgment entered on a verdict in his own favor, claim that the damages found were too small. His remedy is by a motion for a new trial on a case. (*Moore* v. *Wood*, 19 How., 405.)

The proceeding to obtain a new trial for inadequate damages, is, by analogy, the same as that for excessive damages.

APPEAL by the plaintiff from a judgment on a verdict in his favor, on the ground that the amount given was too small, and unauthorized by any evidence in the case.

*Wilcox & Hobbs*, for the appellant.

*G. W. Davenport*, for the respondent.

BRADY, J. :

The plaintiff claimed a commission of two and a half per cent on the sum of $18,000, for which he had made a sale of the defend-

ant's property. There was no proof showing the value of the services rendered. The plaintiff claimed under an agreement by which he was to be paid the commissions mentioned, a claim which was denied, and upon which the jury were to pass upon conflicting evidence. The plaintiff, if the jury believed his demand to exist for any sum, was entitled to recover the two and a half per cent; but they gave him a verdict for less than one-half of the commissions. The plaintiff, however, made no motion for a new trial, either upon the minutes of the justice presiding at the trial, or at Special Term. His appeal rests entirely upon the inadequacy of the sum named by the jury, and upon his rights to a new trial for that reason. His omission to make a motion for a new trial, as stated, is fatal to the proceeding by appeal. It was determined in *Moore* v. *Wood* (19 How. Pr., 405), that a party could not move to set aside a verdict in his own favor, on the ground that the damages found were too small; that his remedy was by a motion for a new trial on a case. The decision was based upon the phraseology of section 264 of the Code, which did not expressly authorize such a motion on the minutes of the judge. It will be perceived, however, that the motion, under that section, may be made when the damages are excessive. In *McDonald* v. *Walter* (40 N. Y., 551), a different result was announced. Justice HARRIS entertained and granted such a motion, and the order he made was sustained upon the ground that the power of the court to award a new trial, when dissatisfied with the verdict, either for the reason that the verdict was clearly too large or too small, rested on precisely the same principle. Justice WOODRUFF said a verdict for a grossly inadequate amount stands upon no higher grounds in legal principle, nor in rules of law or justice, than a verdict for an excessive or extravagant amount. The question whether there was sufficient evidence to justify a verdict, must be raised by motion made either before the judge presiding on his minutes, or at Special Term (Code, §§ 264, 265; *Bulkeley* v. *Keteltas*, 4 Sandf., 450), and hence the declaration thus recognizing this necessity in *Moore* v. *Wood* (*supra*), that the plaintiff's remedy was by motion at Special Term, in the first instance. It is true that in *Mason* v. *Lord* (40 N. Y., 484), the Court of Appeals decided that a finding of fact, without any evidence to sustain it, was a legal error available in that court; but in that case the judgment was one founded upon the findings

of a court without a jury, and to which findings exceptions had been taken. There is no analogy between that case and this, therefore. The proceeding to obtain a new trial for inadequate damages, is, by analogy to that to obtain a new trial for excessive damages, the same in principle, and must be the same in form. A motion must be made either at the Special Term or upon the judge's minutes (Code, *supra*); and the plaintiff herein, having made neither, takes nothing by his appeal.

It has not been deemed necessary to pass particularly upon exceptions taken by the plaintiff during the trial. None of them was argued by his counsel, or presented on his points. It is sufficient to say of them, generally, that none of them was well taken, if indeed we are called upon at all to notice them, as to which, *quære*. It is not our duty to consider on this appeal whether the defendant should have had judgment in consequence of the alleged utter insufficiency of the evidence to establish the alleged agreement as to commissions. The jury have found against her, and, as long as the verdict stands, it is taken to determine that the plaintiff was entitled to recover. (*McDonald* v. *Walter, supra.*) The judgment should be affirmed, with costs to the respondent.

Davis, P. J., and Daniels, J., concurred.

Judgment affirmed.