Donald H. McDonald and Eben G. Hamilton, Respondents, *v.* Louis Walter and George H. Carbutt, Appellants.

Where, upon a trial of an action brought by a vendor against a purchaser to recover damages for breach of contract in neglecting to receive and pay for the article sold, the jury found a verdict for the plaintiff for a sum far less than the amount of damages he was entitled to recover, if he had any cause of action; and the judge who presided, upon a motion made upon his minutes, granted an order setting the verdict aside and awarding a new trial on the ground of the inadequacy of the verdict— *Held*, that he had jurisdiction and the right to make such order, and this, although upon the evidence a verdict for the defendants would not have been disturbed.

(Argued by respondent, April 3d, 1869; submitted by appellant, under the rule, and decided June 14th, 1869.)

This action was brought to recover damages for an alleged refusal to accept 200 boxes, or 114,445 lbs. of bacon, claimed to have been sold by the plaintiffs to the defendants at eight and three-fourths cents per pound. The refusal of the defendants to receive the bacon was not denied. The market price of the bacon when tendered, according to the plaintiffs' testimony, was two and one-half cents per pound less than the contract price. Other testimony tended to show a much less disparity in value, not exceeding one-half to three-fourths of a cent per pound. Upon other questions bearing upon the liability of the defendants, the quality of the bacon tendered, &c., there was a conflict of evidence. Under the charge of the court, which does not appear in the case on appeal, the jury found a verdict for the plaintiffs and assessed their damages at fifty dollars, only. On motion by the plaintiff, founded on the judge's minutes, the court set aside the verdict and ordered a new trial. On appeal to the General Term of the Supreme Court in the second district, the order was affirmed. The grounds upon which the new trial was ordered were that the jury, by their verdict, had found in favor of the plaintiffs all the facts, which entitle them to recover their damages for a breach of the defendants' contract, and that nothing whatever in the proof warranted an assessment of their damages at so small a sum, and, therefore, that to suffer such a verdict to stand, is practically to deny to the plaintiffs redress for a violation of a right, when such right and its violation are established by that verdict.

From the order granting the new trial thus affirmed in General Term, the defendants appealed to this court.

*Henry E. Knox*, for the appellants.

*James Emott*, for the respondents.

Woodruff, J. The appellants insist that the order appealed from should be reversed, because, on a conflict of evidence,

such as was exhibited on the trial of this action, the jury might have found a verdict for the defendants; and had they done so, the verdict could not be disturbed. There was evidence sufficient to sustain it. And, therefore, their giving damages little more than nominal, should have been deemed conclusive.

And second, that if the court below had power to set aside a verdict because it was grossly less than the plaintiffs were entitled to, if entitled at all, still the judge presiding at the trial, had no power to do so on a motion founded upon his minutes. That a formal case should have been made in the first instance and brought to a hearing at Special Term.

The history of the administration of justice in this State abundantly illustrates the disposition of our courts to treat the verdict of a jury with very high consideration and respect. And, therefore, the deliberate conclusion of the jury upon the facts, is very rarely interfered with. Nevertheless, it would be strange, if true, that no instance should occur in which, through a misapplication of the law to the facts which they find proved, or through prejudice, or passion, or mistake, injustice is done, which it became the duty of the court to correct. While the general rule should be preserved, it would not be safe to assert the uncontrollable supremacy of the jury. Both in England and in this country, therefore, the court has always exercised the power of reviewing the evidence on a case made for the purpose, and of granting a new trial, where, upon a cool and deliberate examination the ends of justice seemed to require it.

And this is always the plain duty of the court where the verdict is palpably against the law applied to the facts found.

It is upon these principles that verdicts for an excessive and extravagant amount of damages are set aside; and where the law itself prescribes the rule of damages to which alone the plaintiff is entitled, if he recover, a disregard of the law and an award of a sum not warranted by the rule, is such evidence of passion, prejudice, or more frequently of mistake,

HAND — VOL. I.      70

or misapprehension, that the verdict of the jury ought not and will not be permitted to stand. It would be a discredit to the administration of justice if this were not so.

A verdict for a grossly inadequate amount stands upon no higher ground in legal principle, nor in the rules of law or justice, than a verdict for an excessive or extravagant amount. It is, doubtless, true, that instances of the former occur less frequently, because it is less frequently possible to make it clearly appear that the jury have grossly erred. But when the case does plainly show such a result, justice as plainly forbids that the plaintiff should be denied what is his due, as that the defendant should pay what he ought not to be charged.

The power of the court to award a new trial when dissatisfied with the verdict, on this ground, is, I think, not open to question, and whether, because the verdict is too large or too small, the principle is precisely the same. And in practice, it has been customary, heretofore, to grant a new trial in either case.

No rule of law was, therefore, violated in granting a new trial in this case, unless the appellants are right in their second claim on this appeal, viz.: That the judge, presiding at the trial, had no jurisdiction to entertain the motion upon his minutes; but should have put the plaintiffs to the more formal proceeding of moving at Special Term upon a case made in the first instance for that purpose.

It would be plausible, at least, to say that, when such a motion was made on the minutes, instead of on a case, when the latter was most appropriate, the objection is rather one of regularity than of jurisdiction. Our Special Terms are, as matter of jurisdiction, competent to hear motions for new trials, though for convenience, the hearing of arguments and trials by the court, without a jury, are generally conducted separately. And it in nowise appears by the appeal papers that any such objection was made on the hearing of the motion.

But, apart from this suggestion, I think the case of *Algeo*

v. *Duncan* (39 N. Y., p. 313), disposes of this objection. I expressed the opinion in that case, that independent of the terms of the Code, the court before whom the cause was tried, had inherent power to prevent injustice by setting aside a verdict manifestly in violation of law. The decision, however, affirmed that the Code itself conferred power enough to warrant a motion to set aside a verdict upon the minutes of the judge, when the evidence in the cause would not sustain the verdict. In such case, and in a just sense, the evidence upon which the verdict proceeds and by which alone it is upheld or can be claimed to be supported is insufficient. Neither in law nor in fact has the verdict any support.

In the present case, it is urged that a verdict for the defendants might have been rendered, and had the jury rendered such a verdict, it could not have been disturbed. This is, no doubt, true; but the difficulty with the appellants' argument is, that the jury have not found for the defendants, but have found against them. So long as the verdict stands, it is taken to determine that the plaintiffs are entitled to recover. That being determined, the verdict is wholly inconsistent with itself, and a violation of the plaintiffs' right, when it totally disregards the evidence of the damages sustained. Although there is some conflict on the subject, no witness, I think, even among the defendants' witnesses, states the difference between the contract price and the market value when the bacon sold was tendered and refused at less than one-half a cent per pound, while the proofs on the part of the plaintiffs tend to show a difference of two and one-half cents. The jury seem to have adopted, upon what whim or caprice it is not easy to perceive, the brokerage on the resale as the measure of damages.

Without, however, entering upon any discussion of the evidence or expressing any opinion, whether upon the proofs as they appear in the printed case, the defendants might not reasonably have expected a verdict in their favor, I am clear in my conviction, that no rule of law was violated by the order granting a new trial. The order should, therefore, be

affirmed with costs, and in pursuance of the appellants' stipulation, judgment absolute for the plaintiffs should be ordered for his damages and costs. And the record should be remitted to the court below with directions to proceed to ascertain the damages by assessment

All the judges concurring, order affirmed and judgment for the plaintiffs, the amount to be assessed.