sometimes "private contempts," and arise out of "an injury or wrong done to a party who is a suitor before the court, and has established a claim upon its protection." People v. Court of Oyer & Terminer, 101 N. Y. 245, 4 N. E. 259. In the case before us, the injury or wrong done by the appellant in swearing falsely as to the ownership of the property mentioned in his affidavit was not done to any one who was a suitor before the court, or had established a claim upon its protection. However censurable in morals or punishable under the criminal law, it did not bring him within the purview of the Code provisions concerning contempt of court. These must be construed strictly. Fromme v. Gray, 14 Misc. Rep. 592, 595, 36 N. Y. Supp. 1107; s. c. affirmed, and opinion approved, 148 N. Y. 695, 698, 43 N. E. 215. To enlarge the operation of the law of contempt in accordance with the views of the respondent would be a radical departure from the rules which have heretofore been observed by the courts in the interpretation and application of the statutes on the subject. As the present prosecution could not be maintained by Joseph Schreiber, inasmuch as he was not a party to any action or special proceeding pending at the time of the appellant's misconduct, in which that misconduct operated to his injury, it follows that it cannot be maintained by Margaret Winston, to whom he has assigned the judgment.

The order appealed from should be reversed. All concur.

---

(18 App. Div. 67.)

MORRISSEY v. WESTCHESTER ELECTRIC RY. CO.

(Supreme Court, Appellate Division, Second Department. May 11, 1897.)

NEGLIGENCE—EVIDENCE—NECESSARY INFERENCES.

> Plaintiff was working on an excavation between defendant's street-railroad tracks. An approaching car stopped near the place until the track could be cleared. About the time the car started again, plaintiff crossed the track in front of it, and his leg was broken by a blow from a plank which plaintiff had been using, and which the car in some manner caused to fly up. Plaintiff testified that before the car started he signaled it to wait, and that he then went on the track to remove the plank, and that the car proceeded notwithstanding his signal, struck the plank, and caused his injuries. The motorman testified that he did not see plaintiff's signal. *Held*, that whether the motorman was negligent in not seeing plaintiff's signal was a question for the jury, and therefore it was error to charge that plaintiff was entitled to recover if the jury found that the accident happened as plaintiff said it did.

Appeal from trial term, Westchester county.

Action by Patrick Morrissey against the Westchester Electric Railway Company for personal injuries. From a judgment entered on a verdict for $5,000 in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before Goodrich, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Nathan Ottinger, for appellant.
Isaac N. Mills, for respondent.

BRADLEY, J.   The alleged cause of the plaintiff's action is that he sustained a personal injury occasioned by the negligence of the defendant.   The plaintiff was foreman of a gang of men engaged in opening a drain between the two tracks of the defendant's trolley railroad in the city of Mt. Vernon.   The course of the defendant's road was east and west, the space between the two tracks 4 feet and 7 inches, the width of each track about 4 feet, and between the north track and the retaining wall of the New York, New Haven & Hartford Railroad at that locality was 6 feet and 4 inches. The accident in question occurred about 4:30 o'clock in the afternoon of August 10, 1895.   That was the third day the plaintiff, with the other workmen, had been engaged in opening the trench. They made some use of the tracks of the defendant's road in doing the work, and on the approach of the cars they would clear off the tracks to enable them to pass.   As the car in question was approaching from the east, they were engaged in driving plank on the northern side of the open drain for the support of that side. This work was near the southern rail of the west-bound track.   The car stopped about 25 feet east of this place.   Thereupon the plaintiff, who was standing between the tracks, crossed over to the north side of that track, the car proceeded forward, and the plaintiff's leg was broken by contact with it of a loose spruce plank about 7 feet in length, 8 inches in width and 2 inches thick.   The plaintiff's evidence is that, seeing one end of the plank 5 to 7 inches on the northern rail, and lying diagonally with the line of the road, so that the east end was about 2 feet outside and from the rail, he signaled the motorman not to come forward, and proceeded to cross the track to remove the plank from it; that in doing so his back was to the car, and as he stooped down to pick up or remove the plank the car proceeded forward, unobserved by him, the plank was struck by it, and swung around and hit him on the leg, with the serious result before mentioned.   Some other witnesses saw the plaintiff make the signal motion with his arm as he proceeded to go from between the tracks across the north one, but none of the other witnesses saw the plank on the track, and, so far as appears, they took no observation of the situation in that respect. The plaintiff also testified that when he swung his arm, making the signal, the motorman, being at the front end of the car, was facing him.   Another witness testified that when he afterwards saw the plank one end of it was splintered.   This constituted mainly the evidence in support of the alleged cause of action.   The theory of the defense upon the merits was that it was impossible for the accident to have occurred as testified to by the plaintiff, because the length of the plank was no less than the distance from the north rail of the track to the retaining wall of the New York, New Haven & Hartford Railroad, and therefore the plank could not be whirled around in that space by a blow from the car, and that the plaintiff's injury might be accounted for by his stepping upon a loose paving stone, which turned under his foot, resulting in his fall, and the plank upon him.   There is some evidence given by witnesses on the part of the defendant tending in the direction of the

latter fact, but it is not, necessarily, very distinct or clear in its support.

While the width of the space between the rail of the track and the retaining wall before mentioned was not sufficient to permit the plank to whirl around upon an axis at its easterly end where it was located, it is not seen that it was impossible for the plank, when put in motion, to have taken such a course as to permit it to swing around, and, on the cessation of the motion, to be located north of the rail. The fact and nature of the plaintiff's injury, in view of the situation in which he was.found, rendered it apparent that he had received a violent blow, and the inference was fairly required that it came from the plank. The motorman says that he saw no plank on the rail, or any signal from the plaintiff for him not to proceed with the car. Without the signal, there appeared to the motorman no occasion to apprehend any danger by proceeding forward with the car, and therefore the support for the charge of negligence of the defendant was largely dependent upon the signal which the plaintiff says he gave as he started to cross the track for the purpose of removing the plank from the rail. The motorman had previously. passed over the road while the work on the.trench was progressing, and it may be assumed he was advised of the necessity of proceeding over this place with care. The plaintiff's evidence indicated that his purpose in what he proceeded to do was to remove the plank from the track with the view to the safe passage of the car at that place. The court, having referred to the evidence of the plaintiff as to the manner the accident occurred, charged the jury: "Yet you take the whole of the testimony, and all the circumstances, and say if this accident occurred in this way; and, if.it did not, then your verdict is for the defendant; and, if it did, then you have taken one step towards a verdict for the plaintiff. That is, if you.find it did, then you will say that this motorman did not exercise proper care when he approached this man, and injured him, in the way he says he did." Exception to the latter part of this charge was taken by the defendant's counsel. The plaintiff was not entitled to the same degree of care from the defendant as that which is due to a passenger from his common carrier. The court so charged. The plaintiff had the right to the reasonable care of the defendant for his protection. Upon his statement of the occurrence, the jury were permitted to impute negligence to the defendant. But upon the assumption that the accident occurred in the way the plaintiff testified it did, was the court justified in the instruction that the motorman did not exercise proper care? This, in practical effect, was direction, as matter of law, to the jury, that if they found that the accident occurred as the plaintiff testified it did, the defendant was guilty of negligence. This was error, unless the adoption of his testimony as true would exclude all inferences to the contrary of such imputation. Hart v. Bridge Co., 80 N. Y. 622; Bank v. Sloan, 135 N. Y. 371, 383, 32 N. E. 231, 235. If the motorman had seen the plaintiff raise his hand as a signal for him not to thus move the car forward, he was further fairly required to endeavor to ascertain the cause, which he

would have seen if he had delayed until the plaintiff had removed the plank. But whether the motorman saw the signal, or ought to have seen it, if he did not, were questions upon which his negligence somewhat depended, and were for the jury. The inference arising from the adoption of the plaintiff's evidence as true would be very strong that the movement of his hand was seen by the motorman. The plaintiff says: "He was looking at me. His face was looking at me." Then, if he saw the move of the plaintiff's hand, did the inference necessarily arise, under the circumstances, that he did see, or ought to have seen or apprehended, that there was any physical interruption to the passage of the car after the plaintiff had crossed the track? In Bank v. Sloan it was said that: "If the uncontradicted evidence show a case where different inferences might be drawn from undisputed facts as to the existence or nonexistence of negligence, it has been the law for many years that such inferences are to be drawn by the jury under proper instructions from the court." In the view taken of the version of the plaintiff, assuming it to be true, inferences were permitted which did not necessarily require the conclusion that the defendant was chargeable with negligence, however strongly its tendency was in support of the charge. On the examination of the entire charge, it is not seen that the defendant may not have been prejudiced by this portion of the charge so made. One other portion of the charge, relating to the question of the contributory negligence of the plaintiff, would, for the like reason, have been deemed an invasion of the province of the jury, if the exception taken had been such as to require the consideration of that portion of the charge. The exception is not available to raise the question. The defendant's counsel also excepted to the refusal of the court to charge the jury that: "If you believe that the defendant's car stopped before it reached the plaintiff, and that the plaintiff saw it approach, and took his chances in respect to the management of the plank, your verdict shall be for the defendant." The reason given by the learned court for the refusal to charge the proposition was that it left out an important element, which was that the car started, inasmuch as it had stopped before the plaintiff proceeded to cross the track. However that may be, there was no error in the refusal to charge as requested. If the plank was so situated on the track that the plaintiff had reason to and did apprehend that the safety of passengers in the car would be endangered unless it was removed, he was not necessarily, as matter of law, chargeable with contributory negligence in such an emergency, since he may also have had reason, in the case supposed, to apprehend no personal injury. Eckert v. Railroad Co., 43 N. Y. 502; McClain v. Railroad Co., 116 N. Y. 459, 22 N. E. 1062; Gibney v. State, 137 N. Y. 1, 33 N. E. 142. No other question requires consideration.

The judgment and order should be reversed, and new trial granted; costs to abide the event. All concur.