(23 App. Div. 131.)

MEYER v. HART.

(Supreme Court, Appellate Division, Second Department. December 28, 1897.)

1. DAMAGES—DEATH OF WIFE.

In an action by a husband, as administrator of his deceased wife, to recover damages resulting from her death through the negligence of the defendant, it appeared that the deceased was 60 years of age, and had no children or other next of kin: that she was strong and healthy, and attended to the business of selling milk, and also kept house for her husband, who was engaged in a similar business. The funeral expenses were $120, and the plaintiff's total recovery in the action was $150. Upon an appeal by plaintiff, held, that the verdict was grossly insufficient.

2. SAME—EVIDENCE.
    At the trial of the action, evidence offered by plaintiff concerning the
work, earnings, and probable profits of the deceased was excluded. *Held*
error.

Appeal from trial term.

Action by Louis Meyer, administrator of Adolphina Meyer, against
Charles Hart. From a judgment entered on a verdict for plaintiff,
and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

John J. Fitzgerald, for appellant.
William J. Carr, for respondent.

GOODRICH, P. J. The plaintiff, as administrator, etc., of his
deceased wife, sues to recover damages resulting from her death, oc-
casioned by the negligence of the defendant. It becomes unnecessary
to detail at any length the facts establishing such negligence, as the
jury rendered a verdict for the plaintiff for $150. It is sufficient to
say that the deceased was standing on a sidewalk in the city of Brook-
lyn, when two horses of the defendant were passing by. One of
them became frightened, through its careless harnessing, or the negli-
gent conduct of the driver, bolted, jumped on the sidewalk, and struck
and killed the deceased. The amount of the verdict, and the exclu-
sion of certain testimony, are the only subjects necessary to be con-
sidered.

The deceased was sixty years of age, had been married 23 years,
had no children, and, so far as the record shows, no next of kin. It
appeared, without objection, by the examination of one O'Connor,
that she was accustomed to be at work delivering milk a few minutes
after 5 o'clock every morning. After this evidence the plaintiff was
being examined as a witness, and testified:

"She had been engaged in business,—a milk route. That was her own milk
route. I was driving a horse and wagon in South Brooklyn. Q. Do you know
how much milk she would sell in a week in that business? (Objected to as
immaterial. Objection sustained.) By the Court: She kept house, didn't she?
A. She kept house, too. By the Plaintiff's Counsel: Q. Was this milk route
that she served part of the general milk business that you were engaged in?
(Objected to as immaterial and irrelevant, and already testified by the witness
that it was her route.) The Court: If it was her route, that is a different
thing. He is not entitled to it. (To which the plaintiff duly excepted.) * * *
I paid her funeral expenses. Her funeral bill was one hundred and twenty
dollars. I also spent about twenty-five dollars for the man what helps me."

The court charged:

"The sole question is what pecuniary damage the husband has sustained, if
you find in his favor. That is the statute. That is the law. * * * Her
funeral expenses have been mentioned here. In addition to that, she was
serving with him as housekeeper."

As there was no evidence controverting the testimony that the
amount of funeral expenses was $120, which the administrator would
have been authorized to pay out of any amount recovered in this action
before the distribution of the estate, it may be assumed that the jury
found that all the other pecuniary injuries occasioned to the husband

by the death of his wife amounted to the munificent sum of $30. It appeared, in answer to a question by the learned court, that the deceased kept the house; and, considering the rank in life of the parties, it may be assumed that she performed all the homework, as it does not appear that they kept any servant. She was a strong, healthy woman, able to be up and about the business of delivering milk at an early hour of the morning, and her husband was driving a horse and wagon in similar business in another part of the city. Under these circumstances a verdict for $150 is a travesty of justice. It is difficult to understand any working of the human intellect that could result in such a verdict. A verdict for the defendant might have been susceptible of defense upon a conflict of evidence, but a verdict for the plaintiff for the sum named is a monstrous perversion and mockery of justice. In the case of Klemm v. Railroad Co., 78 Hun, 277, 279, 28 N. Y. Supp. 861, the court said:

"Protection against excessive or insufficient damages can only be afforded by the courts. They are a portion of the machinery employed in the administration of the statute, and they cannot abdicate their functions."

Similar and even stronger language was used in the case of Nutting v. Railroad Co., 91 Hun, 251, 257, 36 N. Y. Supp. 142, Mr. Justice Dykman writing the opinion:

"Modern times have witnessed an unwonted increase in the number of actions for negligence against corporations, and experience and observation teach us that those suits are instituted in reliance upon the disposition of juries to find verdicts against corporate bodies. That disposition is the weak point in the jury system, and, with the knowledge of its existence, the appellate courts are called upon to scrutinize verdicts which are destitute of support in the evidence, or which are against the preponderance of proof, even though they are the second of their kind. Appellate tribunals cannot abdicate their functions. The law has clothed them with the power of review, and it should be exercised with freedom. * * * In actions against corporations the verdicts of juries are often unsatisfactory, and plainly the result of misconception, prejudice, or partiality. * * * We see no reason why the review of a judgment based upon the verdict of a jury should be approached or conducted with hesitation. The power vested in the court is unlimited, and what has been said is sufficient to show that it should be fearlessly exercised."

So, also, in the case of Birkett v. Ice Co., 110 N. Y. 504, 508, 18 N. E. 108, brought to recover damages for the death of a child of 4½ years of age, the trial justice refused to charge that the plaintiff was entitled to nominal damages only; and the court of appeals (Earl, J., writing the opinion) said:

"What should be a proper compensation * * * must always, upon such proof as can be made, be left to the judgment of the jury. That judgment is not an uncontrollable one, but is subject, if abused or not properly exercised, to be reviewed and modified in the court of original jurisdiction. Here there was proof of the circumstances of the plaintiff and his family, and the condition, character, and sex of the child, and the authorities in this state would not justify a ruling that nominal damages only could be recovered."

Some of the elements enumerated in that case, circumstances of the plaintiff and his family, and the condition, character, and sex of the deceased, were presented to the jury in the present action; and the jury was thereupon called upon, not to find nominal damages, merely, but the amount of actual pecuniary damages. The jury have found, if not what is technically termed "nominal damages," only

what is equivalent thereto.　Within the authorities cited, it becomes necessary to consider the exclusion of the testimony above quoted, as to the business of the deceased, and the charge of the court, and to see whether injury has resulted to the plaintiff by the exclusion of the evidence offered.　The courts have repeatedly held that it is within the province of a jury to form an estimate of damages with reference to pecuniary injury, present or prospective, resulting to the next of kin, and that the statute does not limit the recovery to the actual pecuniary loss proved on the trial.　Ihl v. Railroad Co., 47 N. Y. 317; Birkett v. Ice Co., supra.　Both of these cases were cited, and relied upon by the general term of the Second department in Johnson v. Railroad Co., 80 Hun, 306, 30 N. Y. Supp. 318, affirmed without opinion in 144 N. Y. 719, 39 N. E. 857, but with 10 per cent. damages, under section 3251 of the Code of Civil Procedure; Mr. Justice Cullen, writing the opinion, saying:

"The prospect of the deceased accumulating property, and the next of kin inheriting from him, is not more speculative than the expectation of his acquiring money, and the next of kin sharing in his bounty or beneficence while he should live."

The statute (sections 1902, 1904, Code Civ. Proc.) places the husband and the next of kin on the same plane, in this respect.

Tilley v. Railroad Co., 29 N. Y. 252, 289, was an action by the husband, as administrator, etc., for damages resulting from the death of the wife.　In this case there were children, but, as already stated, the husband is in no different situation from the next of kin.　There the court, in discussing the admission of testimony relating to the capacity of the deceased to conduct business, held that such evidence was proper, saying:

"It is not denied that if the mother had, by her industry and business capacity, acquired a certain pecuniary capital, the amount of it would be proper to prove.　Would it be improper to show that it was likely to be increased by her industry, her economy, her capacity for business, and her judicious conduct of business affairs?　All these are elements of pecuniary success,—component parts, in fact, of that pecuniary capital, of the continued exercise and employment of which the children were entitled to the benefit, and of which the wrongful act of the defendants deprived them.　This was evidence, moreover, of. the circumstances, situation, engagements, and surroundings of the family, which seems, on general principles, always proper to give, with the view of daguerreotyping to the jury the actual condition of affairs, which it is so important for them to understand, the extent and details of which must generally be left to the sound discretion of the trial judge.　It contains no positive illegal element, and may often be of essential service in giving to the jury a practical view of the case."

See, also, McIntyre v. Railroad Co., 37 N. Y. 287.

As the deceased had no descendants, the husband would have been entitled to the entire personal estate (Code Civ. Proc. §§ 2732, 2734), so that the principle cited is conclusive upon the question here involved; and evidence of the amount of the work, earnings, and probable profits of the deceased was competent, and its exclusion constituted reversible error, whether the business was the individual business of the deceased, in which the plaintiff had an expectant pecuniary interest, under the decisions cited, or whether it was the husband's business, in which the deceased was rendering him service, the

loss of which in either case the jury would have had the right to take into consideration in estimating the amount of pecuniary damages sustained by the husband under the statute.

The only other question is whether or not the exclusion of the evidence was made the subject of an exception. Even if there was no technical exception to evidence, this court may, in a proper case, consider the question without an exception on the record. Wehle v. Haviland, 42 How. Prac. 399. But we think the record shows a proper exception, within the opinion in Thompson v. Railway Co., 11 App. Div. 182, 42 N. Y. Supp. 896. The question was asked, "Do you know how much milk she would sell a week in that business?" and, upon objection, the answer was excluded, but no exception was taken to the ruling. It was followed, however, by the question, "Was this milk route that she served part of the general business that you were engaged in?" This was objected to, and the answer excluded by the court, on the specific ground that the route was the route of the deceased, and that the husband was not entitled to it; and to this the plaintiff excepted. This exception must be held to apply to the entire course of ruling on the questions involved, inasmuch as the plaintiff was thereby prevented from going into the question of the capacity and business of the deceased, and we think the question is properly raised. Under these circumstances, the judgment must be reversed and a new trial granted.

CULLEN, BARTLETT, HATCH, and BRADLEY, JJ., concur in the result, upon the ground that the court erred in excluding testimony.