nite assertion of a fact which, if true, entitled the relator to relief. The relator cannot be required to specify, either in the petition or in the writ, particular instances in which it is asserted that there are inequalities in valuation, unless relief is sought upon that ground. Usually relief is sought upon the ground that the valuation placed upon the relator's property is higher than that placed upon the property of various other persons or corporations in the town, and when relief is sought on that ground the instances must be alleged. But in case it is alleged, as in the case at bar, that the relator's property is assessed at 95 per cent. of its value, and all other property at 50 per cent. of its value, it is quite sufficient to give the court jurisdiction to grant relief. The defendants had their choice to controvert the allegations in the writ, or to admit their truth, which in effect they did, by moving to dismiss the writ; and, instead of the writ being dismissed, the relator's assessment should have been reduced by 45 per cent. This writ is authorized by the eleventh title of the tax law, and it is not a discretionary one, but is the mode provided by statute for reviewing assessments alleged to be erroneous, and the petition is in the nature of a complaint in an action. People v. Tax Com'rs of City of New York, 144 N. Y. 483, 39 N. E. 385. And, in case the allegations in the petition and writ are indefinite, the remedy of the defendants is to move, before filing their return, to have the allegations made more definite and certain. People v. Board of Assessors, 10 App. Div. 393, 41 N. Y. Supp. 769; Code Civ. Proc. § 1997. The case last cited was followed by this court in People v. McCombs (at the Nov., 1897, term) 48 N. Y. Supp. 1113, and an order amending the writ was affirmed.

The order should be reversed, and the motion to dismiss the writ denied, without costs, with leave to the defendants to file a return within 20 days. All concur.

---

(25 App. Div. 285.)

### SAPERSTONE v. ROCHESTER RY. CO.

(Supreme Court, Appellate Division, Fourth Department. February, 1898.)

INADEQUATE DAMAGES—NEW TRIAL.

    Plaintiff, while driving in a wagon, was injured by a collision caused by defendant's negligence. He paid physicians $88, which was the reasonable value of their services, and was in bed six weeks. His wagon was materially injured. *Held*, that he was entitled to a new trial, where the verdict was $55, as authorized by Code Civ. Proc. § 999, where the damages are insufficient.

Appeal from trial term, Monroe county.

Action by David Saperstone against the Rochester Railway Company.

On the 17th of July, 1895, the plaintiff was driving upon North street with a horse and wagon belonging to him, and while so driving it is alleged he was run into by one of the defendant's cars, which caused the plaintiff to be thrown from his wagon, and it is alleged that he sustained severe, permanent, and bodily injuries, and that his wagon and harness were broken and greatly damaged. The complaint alleges that the plaintiff has been put to an expense of more than $70 for medical and surgical attendance and services in consequence of said injuries; that the wagon was damaged to the extent of $30, and the harness to the ex-

tent of $5, and the plaintiff's clothing was torn and damaged to the extent of $23, and that he sustained damages to his person in the sum of $2,500. In the bill of particulars served it was stated that there was a fracture of the seventh and eighth ribs, and a strain of the lumbar muscles, and bruises upon various parts of the plaintiff's person. The answer contained a general denial. After the jury rendered a verdict for $55, the plaintiff moved for a new trial on the minutes, which was denied, and from the order denying a motion for a new trial the plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Quincy Van Voorhis, for appellant.
Charles J. Bissell, for respondent.

HARDIN, P. J.   Section 999 of the Code of Civil Procedure authorizes the trial court to entertain a motion for a new trial on the minutes, among other grounds, for insufficient damages. Immediately after the plaintiff received the injuries he called Dr. Norton, who attended him as a physician, and charged for his services $13, which the evidence shows the plaintiff has paid. Subsequently Dr. Soble attended the plaintiff, and the value of his services is shown to have been $75. Plaintiff was in bed six weeks. The evidence indicates that one of the shafts of the wagon was broken, and that it was otherwise injured. When the plaintiff rested, the defendant moved for a nonsuit, and the motion was denied. At the close of the evidence the defendant again made a motion upon the same grounds for a direction of a verdict in favor of the plaintiff, and "upon the further ground that a verdict for the plaintiff would be against the weight of evidence." The motion was denied. The trial court then submitted the case to the jury, instructing them that, if they found the defendant was guilty of negligence and the plaintiff was free from contributory negligence, there might be a recovery. He also instructed them, viz.:

"You will give him such damages as you think will fairly compensate him for his injuries. He has described his injuries, and his physician has testified to the condition he was in after the accident, and what his services were worth."

The jury in finding a verdict for the plaintiff must have found that the defendant was guilty of negligence, and that the plaintiff was free from negligence, and therefore that the plaintiff was entitled to recover such damages as he had sustained. The verdict imports a verity. Having reached the conclusion that the plaintiff was entitled to recover, the jury should have found a verdict sufficient to compensate him for the injuries which he sustained.

Plaintiff was a manufacturer of cigars. There was no evidence of the value of his services, although there was evidence of the time lost by reason of the injuries. The jury had no right to measure damages for loss of time, in the absence of proof of the value of his services and his earning capacity.

In Leeds v. Gaslight Co., 90 N. Y. 29, it was said:

"In the present case the jury knew simply that time was lost by reason of incapacity to labor. They were bound to consider it of some value, but could not go beyond nominal damages, and give compensation for it upon an arbitrary standard of their own. * * * Among the elements of damage in cases

of injury for negligence is the cost of the cure,—the bills and expenses of medical attendance. Suppose that the bare fact was shown that the deceased had a doctor, but the length of his attendance was not given, the amount of his charges not shown, would it do to permit the jury to give compensation for the cost of the cure upon their own guess or speculation as to its amount? For pain and suffering, or injuries to the feelings, there can be no measure of compensation, save the arbitrary judgment of a jury. But that is a rule of necessity. Where actual pecuniary damages are sought, some evidence must be given showing their existence and extent."

In Gumb v. Railway Co., 114 N. Y. 411, 21 N. E. 993, the plaintiff was permitted to show how much his physician charged, without giving evidence of payment or any evidence of the value of the services. That was held to be error. We see nothing in that case inconsistent with the doctrine laid down in Leeds v. Gaslight Co., supra.

There was clear evidence that the services of Dr. Norton were worth $13, and that the plaintiff has paid that sum for his services. There was clear evidence that Dr. Soble had attended the plaintiff numerous times, and that the value of his services was $75. Upon the evidence before the jury the verdict of $55 was insufficient, and it was the duty of the jury to fully compensate the plaintiff for the damages which he had sustained. Not having done so, their verdict ought to be set aside. Meyer v. Hart, 23 App. Div. 131, 48 N. Y. Supp. 904.

In McDonald v. Walter, 40 N. Y. 551, a motion was made upon the minutes of the court, and an order was granted, setting aside the verdict on the ground of inadequacy of the verdict, and it was held that the court had jurisdiction and the right to make such order, "although, upon the evidence, a verdict for the defendants would not have been disturbed."

In Kelly v. City of Rochester (Sup.) 15 N. Y. Supp. 29, the general term of the Fifth department set aside a verdict which awarded $15 damages to the plaintiff, and it was held the undisputed evidence showed that the plaintiff fractured two ribs, suffered pain, and was disabled for several months, and therefore the court properly set aside the verdict upon the ground that the damages were inadequate. In the course of the opinion it was said:

"The verdict of the jury found both the issues tried in favor of the plaintiff, and that finding entitled him to full compensation for the injury which he had sustained. For that purpose the verdict was grossly inadequate, and must have been the result of unworthy and improper considerations prevailing with the jury. The discretion of the trial court was correctly exercised in setting aside the verdict and granting a new trial to the plaintiff."

In Brown v. Foster, 1 App. Div. 578, 37 N. Y. Supp. 502, the plaintiff was a trained nurse, and her leg was broken, and she was kept from her business many weeks, and she had incurred medical expenses in an amount of $108, for which sum the jury gave a verdict. It was held that the verdict was inadequate, and that a new trial must be granted, and it was said: "The statement of the facts condemns the verdict and justifies the order."

In Cowles v. Watson, 14 Hun, 47, in delivering the opinion Daniels, J., said:

"Even a jury should not be permitted, under the forms of law, to do what is shown to be palpably unjust; and, from the conclusion reached by them upon the facts forming the legal foundation of their verdict, that has been done in this case."

Upon the evidence given at the trial it is very manifest in the case in hand that the verdict is inadequate, and the damages are insufficient, and the motion for a new trial by reason thereof, made by the plaintiff, ought to have been granted. Inasmuch as the appellant, on the argument, acquiesced in the claim of the defendant that the verdict should be set aside only upon condition that the plaintiff be required to pay the costs of the former trial, we conclude to so order.

Order reversed, and verdict set aside, and a new trial ordered, on condition that the plaintiff pay the costs of the former trial, with costs of this appeal to the appellant to abide the event. All concur.