## MORRISSEY v. WESTCHESTER ELECTRIC RY. CO.

(Supreme Court, Appellate Division, Second Department.    May 24, 1898.)

1. SECOND APPEAL—ESTOPPEL.

A defendant, who secures a reversal of a judgment in favor of the plaintiff, upon the first trial of an accident case, on the ground that the question of defendant's negligence should have been submitted to the jury, cannot, on a subsequent appeal, after a second trial involving substantially the same evidence, insist that the plaintiff should have been nonsuited.

2. PERSONAL INJURIES—INADEQUATE VERDICT.

At the trial of an action to recover damages for injuries sustained by the plaintiff through the alleged negligence of the defendant, it appeared that plaintiff, in consequence thereof, had undergone actual expenditures of nearly $400, and, in addition, that, while he had earned $2 a day prior to the accident, the injury had kept him out of work for more than two years, and had resulted in shortening one of his legs, making it impossible for him to endure heavy work requiring him to remain on his feet. The court charged that, if entitled to recover at all, he was entitled to the amount expended, as well as for loss of time, for suffering, and for decreased earning power. *Held,* that a verdict for $500 was so small as to be ridiculous, and was properly set aside by the court below.

Appeal from trial term.

Action by Patrick Morrissey against the Westchester Electric Railway Company. From an order granting a new trial, and setting aside a verdict for plaintiff for $500 damages, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

Herbert R. Limburger, for appellant.

Isaac N. Mills, for respondent.

WOODWARD, J. This action, brought to recover damages for a personal injury due to the alleged negligence of the defendant, has been twice tried. The first trial resulted in a judgment for the plaintiff for $5,419.92. This was reversed, and a new trial granted, on the grounds that the trial court, in its charge to the jury, had practically directed, as a matter of law, that, if the jury found that the accident occurred as the plaintiff testified it did, then the defendant was guilty of negligence. This was held to be error, "unless the adoption of his testimony as true would exclude all inferences to the contrary of such imputation." 18 App. Div. 67, 45 N. Y. Supp. 444. Discussing this proposition, the court say:

"If the motorman had seen the plaintiff raise his hand as a signal for him not to thus move the car forward, he was further fairly required to endeavor to ascertain the cause, which he would have seen if he had delayed until the plaintiff had removed the plank. But whether the motorman saw the signal, or ought to have seen it if he did not, were questions upon which his negligence somewhat depended, and were for the jury. The inference arising from the adoption of the plaintiff's evidence as true would be very strong that the movement of his hand was seen by the motorman. The plaintiff says: 'He was looking at me. His face was looking at me.' Then, if he saw the movement of the plaintiff's hand, did the inference necessarily arise, under the circumstances, that he did see, or ought to have seen or apprehended, that there was any physical interruption to the passage of the car after the plaintiff had crossed the track? In Bank v. Sloan, 135 N. Y. 371, 32 N. E. 231, it was said that

'if the uncontradicted evidence shows a case where different inferences might be drawn from undisputed facts as to the existence or nonexistence of negligence, it has been the law for many years that such inferences are to be drawn by the jury, under proper instructions from the court.' In the view taken of the version of the plaintiff (assuming it to be true), inferences were permitted which did not necessarily require the conclusion that the defendant was chargeable with negligence, however strongly its tendency was in support of the charge. On the examination of the entire charge, it is not seen that the defendant may not have been prejudiced by this portion of the charge so made."

This is one of the principal points on which the defendant contends it was entitled to a nonsuit, but, the question presenting sufficient importance to warrant a reversal in behalf of the defendant because it was not properly submitted to the jury in the first trial, it is hardly proper that it should now be availed of to defeat the plaintiff of his rights in the present proceeding. Justice v. Lang, 52 N. Y. 325. We are of the opinion that there is a case for the jury. It is conceded that the plaintiff has sustained serious injuries; that he received these injuries by reason of a collision with one of the cars of the defendant, while lawfully engaged in working in the vicinity of the tracks of the defendant's railroad; and we see no good reason why the facts as presented should not be passed upon by a jury.

This brings us to the consideration of the question whether the trial court was justified in granting the order setting aside the verdict of the jury and granting a new trial; the plaintiff having been given a verdict for $500. The evidence showed the plaintiff to have undergone expenditures aggregating nearly $400, not to mention his loss of time, suffering, and decreased earning power. There was no serious dispute upon the trial of the extent of the injuries, which resulted in shortening one of the legs of the plaintiff, and making it impossible for him to endure heavy work requiring him to remain upon his feet. He had been getting $2 per day, and the injury had kept him out of employment from the time of his injury, in August, 1895, up to the time of the trial. Obviously the amount of the verdict was entirely inadequate, if the defendant was liable at all, and the result must have been reached entirely outside of the legitimate consideration of the evidence or the instructions of the court. The court charged clearly that the plaintiff, if entitled to recover at all, was entitled to the amount of money which he had expended, or obligations which he had contracted, by reason of such injury, as well as for his loss of time, his suffering, and his decreased earning power; taking into consideration his years, and all other proper matters. The verdict, which allows only a little over $100 for the loss of time, of earning capacity, and for the suffering which must have been incident to the injury which this plaintiff unquestionably sustained, is ridiculous. "So long as the verdict stands," say the court in McDonald v. Walter, 40 N. Y. 551, "it is taken to determine that the plaintiffs are entitled to recover. That being determined, the verdict is wholly inconsistent with itself, and a violation of the plaintiffs' right, when it totally disregards the evidence of the damages sustained." In this case a new trial was granted, the court declaring that:

"A verdict for a grossly inadequate amount stands upon no higher ground, in legal principle, nor in the rules of law or justice, than a verdict for an excessive or extravagant amount. It is doubtless true that instances of the former occur less frequently, because it is less frequently possible to make it clearly appear that the jury have grossly erred. But, when the case does plainly show such a result, justice as plainly forbids that the plaintiff should be denied what is his due, as that the defendant should pay what he ought not to be charged."

The same result followed in the case of Smith v. Dittman, 11 N. Y. Supp. 769, which was an appeal from an order denying a new trial where the plaintiff had been given a verdict for $1,000 under circumstances which made it entirely inadequate. The general term of the New York common pleas, speaking through Mr. Justice Prior, say:

"I am of opinion that the verdict under review involves a miscarriage of justice which it is the duty of the court to correct. The action is for an injury to the person of the plaintiff, inflicted by the negligence of the defendants. The verdict in plaintiff's favor is conclusive of the liability of the defendants, and, being for $1,000, evinces the judgment of the jury that the plaintiff was entitled to more than nominal damages."

The court then enters into an elaborate review of the facts in the case, cites the cases of McDonald v. Walter, supra, and Platz v. City of Cohoes, 8 Abb. N. C. 392, and other authorities, and concludes that "the judgment should be reversed, and a new trial awarded; costs to abide the event." In this all of the justices concur.

The general term of the supreme court, in the Fifth department, in the case of Kelly v. City of Rochester, 15 N. Y. Supp. 29, held the same doctrine. The plaintiff fell upon a sidewalk, and had two ribs broken. He suffered considerably, and was thrown out of employment some months. The jury, after being out all night, brought in a verdict for $15. The trial court granted a new trial on the ground that the verdict was inadequate. The general term, commenting on the facts, say:

"The verdict of the jury found both the issues tried in favor of the plaintiff, and that finding entitled him to full compensation for the injury which he had sustained. For that purpose the verdict was grossly inadequate, and must have been the result of unworthy and improper considerations prevailing with the jury. The discretion of the trial court was correctly exercised, in setting aside the verdict, and granting a new trial to the plaintiff."

In the case of Cowles v. Watson, 14 Hun, 41, the action was brought for damages growing out of the fraudulent representations of the defendant as to the value of certain property. The jury found in favor of the plaintiff, bringing in a verdict for six cents. The trial court denied a motion for a new trial, and on the appeal from this order the court reversed the order, granting a new trial. In discussing the question, the court say:

"A party deceived by fraudulent representations has the right, in an action for damages because of the fraud, to be placed in the pecuniary position which the representations made entitled him to believe he was securing by means of the transaction. Such damages are the natural as well as the necessary consequences of the wrong, and to that extent the party injured is legally entitled to compensation by the verdict of a jury. In this case there was no substantial ground for controversy after the fraud was established, because the defendant's

answer admitted the actual cost of the property to be the sum of $255,000, instead of $500,000, as the jury must have found it to have been represented. The jury therefore had no discretion over the subject after that, for it then became their legal duty to recompense the plaintiff for the entire amount of her loss arising out of this difference."

In the case of Meyer v. Hart, 23 App. Div. 131, 48 N. Y. Supp. 904, where the jury brought in a verdict for $150 in an action brought by a husband for the death of his wife, due to the negligence of the defendant, the trial court having denied a new trial, this court held the verdict to be a "travesty of justice," and directed a new trial. In commenting on the case, the court, speaking through the presiding justice, say:

"Under these circumstances, a verdict for $150 is a travesty of justice. It is difficult to understand any working of the human intellect that could result in such a verdict. A verdict for the defendant might have been susceptible of defense upon a conflict of evidence, but a verdict for the plaintiff for the sum named is a monstrous perversion and mockery of justice."

This case was followed in the case of Saperstone v. Railway Co., 25 App. Div. 285, 49 N. Y. Supp. 486, where the plaintiff sustained more or less serious injuries, and the jury awarded a verdict of $55. The trial court denied the motion for a new trial, and this order was reversed. The court say:

"The jury, in finding a verdict for the plaintiff, must have found that the defendant was guilty of negligence, and that the plaintiff was free from negligence, and, therefore, that the plaintiff was entitled to recover such damages as he had sustained. The verdict imports a verity. Having reached the conclusion that the plaintiff was entitled to recover, the jury should have found a verdict sufficient to compensate him for the injuries which he sustained."

It being apparent, then, that the defendant was not entitled to a nonsuit, under the ruling on the former appeal, and the authorities there cited (see, also, Justice v. Lang, 52 N. Y., at page 331; Hart v. Bridge Co., 80 N. Y. 622), there can be no reasonable doubt that the plaintiff in this action is entitled to a new trial.

The order of the trial court is affirmed; costs to abide the event. All concur.