KELLEGHER v. FORTY-SECOND ST., M. & ST. N. AVE. R. CO.

(Supreme Court, Appellate Division, First Department.   December 31, 1900.)

1. STREET RAILROADS—INJURY TO PASSENGER—WEIGHT OF EVIDENCE.
   Plaintiff, injured by a fall from a moving street car, testified that, after she got on the footboard, and was about to step inside, the conductor signaled, and the car started with a jerk, throwing her to the ground.   She was corroborated in all particulars by one witness.   Six witnesses for defendant stated that the car had proceeded half a block, and that plaintiff, noticing that her friend had not got on, stepped off backward, and fell to the ground; but they were not in entire accord as to the place where, or the manner in which, the accident happened, and disagreed as to whether plaintiff had got on the car, and between the seats, or remained standing on the footboard.   Held, that the appellate court could not conclude as matter of law that the evidence of defendant's witnesses outweighed that of plaintiff's, and a verdict for plaintiff would not be disturbed as against the weight of evidence.

2. SAME—INSTRUCTIONS—NEGLIGENCE PER SE.
   A charge referring to the conductor of a street car signaling to start while plaintiff was boarding it, and stating it to be a "negligent act," was not erroneous as stating the act to be negligence as matter of law, where it went on to say that such act "might" warrant a cause of action for plaintiff, and in other places explained that such act, if proven, was evidence from which the jury could reasonably infer negligence.

   Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Eliza M. Kellegher against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railroad Company.   From a

judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

The plaintiff alleges that while attempting to board one of defendant's north-bound open horse cars on Amsterdam avenue at Seventy-Ninth street, on Sunday afternoon, April 25, 1897, she was thrown to the ground and injured by the negligent starting of the car. Her testimony is that she and her companion, Delia Healy, intended to get on the car, which was crowded, and as it approached she nodded to "the man in charge of the car" to stop it, and the conductor was then standing on the back platform; that the car stopped at Seventy-Ninth street, and two ladies got off, and she started to take the seat which they had left, which was midway of the car; that she got on the step or side rail, and took hold of the iron rod beside the seat with her left hand, and was about to place one foot inside the aisle, when the conductor, before her friend had attempted or had an opportunity to follow her, blew his whistle, and the car started with a jerk, and she was thrown to the ground, seriously injuring her left arm. On her redirect examination she stated that it was not true that she got in between the seats, and the car started, and, seeing her friend was left behind, she stepped off the car and fell. Delia Healy testified that the plaintiff "beckoned to the conductor to stop, and two ladies got off there, and we tried to get into their seats, about the middle of the car; and Lizzie stepped over to the car first, and I beside her; and she put her foot on the board, and the conductor with that blew his whistle, and he gave me no time to get in the car at all; and, when he blew his whistle, of course the car started off, and it went about a yard. The plaintiff, when the car started, was on the sideboard. She fell right over when the car started. * * * The car was not standing still when she attempted to get on. I did not see her jump off. I saw her fall. * * * She did not step off from the opposite way the car was going." Other evidence as to the extent of the plaintiff's injuries was given, and motion was then made to dismiss the complaint, which was denied. The defendant's witnesses give an entirely different version of the accident. The driver said that the car had first stopped at Seventy-Ninth street, and then went on slowly about 75 feet before the accident happened. Five other witnesses, who were passengers on the car, testified that the car had gone about to the middle of the block; and they state that the plaintiff had got on at Seventy-Ninth street, leaving her companion behind, and then stepped off the car backwards. One witness said: "The car had started, and I guess about sixty or sixty-five feet from the corner this lady turned around, and saw her friend standing on the corner, and she deliberately stepped off the car without notifying the conductor to stop, and was thrown to the ground. * * * She faced towards her friend at the time she stepped from the car. * * * The car was going smoothly along at a slow rate." Another witness testified: "She stepped on the car directly at my side, and she held onto the bar on one side when I was holding onto the same bar. And the car went on, and she looked back for her friend. The other one said she would not go. She told her the car was too crowded. * * * And when she missed her friend, she happened to look back over the side like, and she just turned right loose off the bar and stepped off." According to the defendant's witnesses, only one lady had left the car at Seventy-Ninth street. At the close of the case motion was again made to dismiss the complaint, and again denied. The jury returned a verdict for $2,000 for the plaintiff, and from the judgment so entered, and from order denying motion for a new trial, the defendants appeal.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Eugene Treadwell, for appellant.

Charles Green Smith, for respondent.

O'BRIEN, J. Two questions are principally urged upon our attention upon this appeal; the first relating to the weight of evidence, and the second to an error claimed to have been committed by the

learned trial judge in his charge to the jury. Although it here appears that the number of witnesses produced by the defendant exceeds those of the plaintiff, that is not necessarily a controlling factor in determining the preponderance of evidence. The appearance, the manner of testifying, the attitude of a witness,—whether friendly or unfriendly,—as well as the point of view from which he saw the accident, are, with other things, to be considered by the jury in determining the weight or credibility to be given to his testimony. And the verdict of a jury should not be disturbed except in a case where it clearly appears that the conclusion reached is against the weight of evidence. Here, though the number of witnesses for defendant is greater, we have on the part of the plaintiff her own positive statement, corroborated by the equally positive evidence of a woman who was with her, and who was in a position to see and know just how the accident happened. On the other hand, the defendant's witnesses are not in entire accord as to the place where, or the manner in which, the accident happened. Some, for instance, say that they saw the plaintiff as the car approached her, and before it stopped; while others had their attention directed to her only after she had attempted to board the car. One witness stated she had got on the car, and between the seats, while another says she remained standing on the footboard, the car being crowded. We cannot conclude as matter of law that such evidence, though given by a greater number of persons, outweighs that of two witnesses whose version of the accident is neither improbable, unreasonable, nor inconsistent.

With respect to the charge, were it not for an expression or characterization as to the act of the conductor in blowing his whistle to start the car while the plaintiff was boarding it, no fault is or could be found with it. Taken as a whole, it fairly and clearly summarized the facts and stated the law bearing upon the questions of defendant's liability. After saying that the burden was upon the plaintiff to establish by a fair preponderance of evidence her freedom from negligence and the negligence of the defendant, the learned trial judge, in speaking of the act of the conductor referred to, said that "was a negligent act, and such an act as may warrant a cause of action on behalf of the plaintiff. It is the claim of the plaintiff that, before she was able to get fairly on to the car, the car suddenly started,—threw her off. If that is the fact,—if that is the way it happened,—if before she had got upon the car, and while still upon the step, the conductor blew the whistle, and the car suddenly started, and by that sudden movement of the car she was thrown from the car, that is an act of negligence, I repeat, on the part of the defendant's servant; and, every other element necessary to the plaintiff's recovery being established, it is sufficient to call for a verdict in behalf of the plaintiff." Considering this language in connection with what was said in other parts of the charge, it is reasonably certain that the jury was not misled into regarding it as a statement that the act of the conductor so characterized was negligence, as matter of law, which rendered the defendant liable, but that it was evidence from which the jury could reasonably infer

that defendant was negligent. Thus the characterization that it was a negligent act was followed, as will be noticed, by the statement, "such an act may warrant a cause of action on behalf of the plaintiff"; and a fair reading of the words following which we have quoted justifies a similar construction. It will be noticed that the trial judge did not take away from the jury the right to determine the facts; and even if we should construe the language—as contended for by the appellant—as a statement by the court that, upon such facts being found, the act of the conductor, as matter of law, was negligent, it remains to be determined how far such a statement would be error. The rule is that, where different inferences may be drawn from the facts, it is the province of the jury, and not of the court, to draw them. Morrissey v. Railway Co., 18 App. Div. 67, 45 N. Y. Supp. 444; Bank v. Sloan, 135 N. Y. 371, 32 N. E. 231; Dolan v. Canal Co., 71 N. Y. 285. In the Morrissey Case, supra, where the court stated that, if the jury found that the accident occurred as a plaintiff testified it did, the defendant was guilty of negligence, it was held that such a direction was error, "unless the adoption of his testimony as true would exclude all inferences to the contrary." This, as well as the other cases cited, supports the rule that the facts are to be found by the jury, and it is only where the facts so found will justify but a single inference that the court is warranted in directing the jury, as matter of law, to draw such inference. Here the court did not go to the extent of charging that, if they believed the plaintiff, then, as matter of law, the defendant was guilty of negligence; but, had the court so charged, we are not prepared to hold that it would have been error. On the contrary, it was held in Kleiner v. Railroad Co., 162 N. Y. 193, 56 N. E. 497, as stated in the syllabus:

"It is not error for the trial court to charge, in such an action, that, if the jury do believe that the accident happened in the manner described by the defendants' witnesses, their verdict must be for the defendant; and, if they believe it occurred in the manner described by the plaintiff and her witnesses, she is entitled to recover; since it leaves to the jury the determination of all the facts."

And it was said in the opinion, referring to the case of Dolan v. Canal Co., supra:

"That case and the other decisions cited are clearly distinguishable from the case at bar. In those cases the request to charge referred to the testimony of a witness, and then the court was asked to charge that, if the jury believed that witness, they must find in a certain way, or that a certain legal conclusion would follow. Here that was not the request or charge, but it was that, if the jury believed the accident occurred in the manner described by her witnesses, then the plaintiff was entitled to recover, which was equivalent to charging that, if the facts claimed by her were established, and found by the jury, she was entitled to a verdict. This involved a determination by the jury whether they would believe the evidence of the plaintiff's witnesses or that of the witnesses for the defendant, wherever there was a verdict."

In the case at bar the plaintiff testified that after stopping the car, and while in the act of getting on, and before she had reached a place of safety, the conductor blew the whistle, and, in starting, the car threw her off. It is suggested that the inference of defendant's negligence as matter of law would not arise from such facts

if proved, because it might be that the conductor did not see her, or did not know of her position on the car, when he blew his whistle. Regard being had, however, to the rights of a person, who, after the car was stopped, is attempting to board it, the obligation is on the conductor to see to it that such person has secured a reasonably safe foothold or position on the car before the signal to start is given. If we take the plaintiff's statement of what the conductor here did as true, his act was certainly a negligent one, for the consequences of which, unless it was refuted, explained, or justified, the defendant would be liable. It is unnecessary, however, for us to go to this length for the reason that we think the question which the appellant seeks to raise is not presented by the record, our conclusion being that a fair inference from the whole charge is that the court left the facts to be found and the inferences therefrom to be drawn to the jury, and that from the language employed they could not have been misled, or have received an erroneous impression of what was their duty and their province in passing upon the question of defendant's liability. Although it is well in negligence cases to avoid characterizing as negligent the act or conduct of parties or witnesses, we do not think that what was here said by the trial judge was such error as would justify a reversal.

The judgment and order accordingly should be affirmed, with costs.

RUMSEY and PATTERSON, JJ., concur.

McLAUGHLIN, J. (dissenting).   I am unable to concur in the opinion of Mr. Justice O'BRIEN.   The court, in charging the jury, said:

"In this particular case the circumstances testified to by the various witnesses are of such a character that I may safely say to you that, if you believe the witnesses called by the plaintiff, who have testified to the circumstances under which the accident happened, it must be said that the act of the conductor was a negligent act, and such an act as may warrant a cause of action on behalf of the plaintiff."

The defendant's counsel excepted to this portion of the charge, and it seems to me that the exception was well taken.   By this instruction the jury were, in substance, told that, if they believed the testimony of the plaintiff and her witnesses, the defendant was guilty of negligence, and they could render a verdict for the plaintiff.   This clearly was error, "unless the adoption of this testimony as true would exclude all inference to the contrary of such imputation." Morrissey v. Railway Co., 18 App. Div. 67, 45 N. Y. Supp. 444; Bank v. Sloan, 135 N. Y. 371, 32 N. E. 231.   The rule laid down in the Sloan Case is that:

"If the uncontradicted evidence shows a case where different inferences might be drawn from disputed facts as to the existence or nonexistence of negligence, it has been the law for many years that such inferences are to be drawn by the jury under proper instructions from the court."

The negligence of the defendant, as alleged in the complaint, is that the plaintiff attempted to become a passenger on one of defendant's cars, and while the "car was at a standstill," and she was in the act of entering the car, it was suddenly started, without warning to her, by reason whereof she was thrown to the ground and

injured. On the trial she testified, "I went to get on the car, and I had one foot up to get to the car, when he blew the whistle, and then the car started, and it jerked, and I swung off, and fell on my left hand." She also testified, "I was on the step, and I was going into the car," when it started. "My left hand had hold of the seat I was going into. * * * I was in the act of getting into the seat." And the plaintiff's witness Healy testified that when the car started the plaintiff was standing on the sideboard of the car. This witness also testified that the car was in motion when the plaintiff attempted to get onto it. The liability of the defendant, if liable at all, is by reason of the existence of one of two facts, or both of them: (1) The starting of the car before the plaintiff, after she had attempted to get on the car, had secured a safe position; or (2) the starting of the car in such a way as to cause the plaintiff to lose the position which she had secured. As to the first the jury might have found from the plaintiff's own testimony that she was in a secure position when the car started. There is no rule which obligates a street railroad not to start its cars until persons taking passage have actually been seated in the car. All that is required is that the car must not be started until the passenger is in a safe position. The jury might also have found from the plaintiff's own testimony that the car was not started in such a manner as to cause her to lose the position which she had. It is true, she testified that the car started with a jerk, but it needs no testimony to inform the court that a crowded horse car must be started more or less with a jerk. Something more than this must be proved in order to establish negligence in this respect. In Black v. Railroad Co., 2 App. Div. 387, 37 N. Y. Supp. 830, this court held that proof of the starting with a jerk was not, in and of itself, sufficient proof from which the jury could infer negligence. This being the condition of the testimony on the part of the plaintiff, it seems to me that the court erred in giving the instruction above quoted, because an inference might have been drawn by the jury from the testimony introduced by the plaintiff that the defendant was not negligent. For these reasons I am unable to concur in the prevailing opinion.

VAN BRUNT, P. J., concurs.