GEORGE A. TOOKER, Appellant, *v.* THE BROOKLYN HEIGHTS RAILROAD COMPANY, Respondent.

*Inadequate verdict — six cents damages for the laceration of the plaintiff's finger — a physician's bill is not conclusive as to the value of his services.*

A verdict of six cents rendered in an action to recover damages for the laceration of the plaintiff's finger, caused by the alleged negligence of the defendant, should be set aside as inadequate where it appears that the wound was a painful one, which had to be dressed by a physician twenty or twenty-five times, and that the plaintiff had incurred a bill of $150 for medical services.

In such a case the amount of the physician's bill is not conclusive upon the jury as to the value of the medical services rendered.

WOODWARD, J., dissented.

APPEAL by the plaintiff, George A. Tooker, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office

of the clerk of the county of Kings on the 20th day of December, 1901, upon the verdict of a jury for six cents, and also from an order entered in said clerk's office on the 9th day of December, 1901, denying the plaintiff's motion to set aside the verdict and for a new trial made upon the minutes.

*Albert A. Wray,* for the appellant.

*I. R. Oeland,* for the respondent.

WILLARD BARTLETT, J.:

The plaintiff recovered a verdict of six cents damages for injuries to his finger, sustained by the catching of his finger ring on the handle bar of one of the defendant's trolley cars as he was alighting from the car, which had stopped, and started at the time with a sudden jerk. The evidence amply justified a finding of negligence on the part of the defendant in the management of the car, and of the absence of contributory negligence on the part of the plaintiff. The proof demonstrated that the wound was a painful one, which had to be dressed by a physician twenty or twenty-five times, and that the plaintiff had incurred a bill of $150 for medical services. Under these circumstances the verdict was plainly inadequate and should have been set aside. Of course the amount of the physician's bill was not conclusive upon the jury as to the value of the medical services rendered; but the proof left no doubt that those services were worth a substantial sum. The damages awarded were insufficient either to compensate the plaintiff for the injuries which he had sustained or for the expenses incurred in consequence thereof; and where this is the case it is the duty of the trial court to set aside the verdict. (*Saperstone* v. *Rochester Railway Co.,* 25 App. Div. 285; *De La Torre* v. *Metropolitan Street Railway Co.,* 48 id. 126.)

It is argued that the verdict should not be disturbed because the plaintiff, prior to the trial, made an affidavit in which he said: "I was not thrown by the force of the car starting, but I had a ring on my third finger of the left hand that got caught some way on the brass handle, lacerating the finger." The fact that the starting of the car did not throw the plaintiff down was not inconsistent with his claim that its sudden movement forward caused the laceration of

his finger. Upon the proof, it seems sufficiently clear that the result was right in all respects except the assessment of damages.

The order should be reversed and new trial granted, costs to abide the event.

GOODRICH, P. J., HIRSCHBERG and JENKS, JJ., concurred; WOODWARD, J., dissented.

Order and judgment entered thereon reversed, and new trial granted, costs to abide the event.