## HURLEY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. October 9, 1903.)

1. PERSONAL INJURY—DAMAGES—INADEQUATE VERDICT.

    A verdict of $171 for personal injury should be set aside as inadequate, the undisputed evidence showing permanent injury in strength and working power, loss of work for four months at $60 a month, and incurrence of liability for medical attendance worth $250.

Appeal from Trial Term, Kings County.

Action by John Hurley against the Metropolitan Street Railway Company. From an order denying a motion on the minutes to set aside the verdict as inadequate, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry L. Franklin, for appellant.

Bayard H. Ames, for respondent.

HIRSCHBERG, J. The record suggests no reason why the plaintiff's motion to set aside the verdict as inadequate should not have been granted. The plaintiff was injured while crossing the defendant's tracks in the borough of Brooklyn on the 17th day of June, 1901, by a collision with one of the defendant's cars. No point is made that there was any failure to prove either the defendant's negligence or the plaintiff's freedom from blame. The charge of the learned trial justice was satisfactory to both parties, and the verdict of the jury in the plaintiff's favor assessed the damages at the sum of $171. It is undisputed that the plaintiff was in good health at the time of the accident. He was compelled to remain in a hospital for the treatment of his injuries from June 17 to July 16, 1901, and was under private treatment from the date of his discharge from the hospital until nearly the time of the trial, December 1, 1902. His injuries occasioned him considerable pain and suffering. He lost about four months of work, at which he was earning at the time of the occurrence from $12 to $14 a week, and he incurred financial liability for medical services in necessary care, medicine, and attendance, which his physician testified were reasonably worth the sum of $250. His physician testified that he was permanently injured in his strength and working power, and he testified that he had been unable to earn as much since the accident as he did before, his loss in wages being $2.40 weekly. There was no evidence offered on behalf of the defendant on the subject of the extent of his injuries, the expense of his proper medical care, or the loss of

his earning power, and it is obvious from the mere statement of the case that the sum awarded by the jury was inadequate to compensate him for his loss of time, his suffering, his decreased earning power, his permanent disability, and the pecuniary obligation which he had contracted by r  son of his injury. That he was entitled, under the circumstances, to have the verdict set aside as inadequate, is settled by a long line of cases, among which may be cited McDonald v. Walter, 40 N. Y. 551; Meyer v. Hart, 23 App. Div. 131, 48 N. Y. Supp. 904; Morrissey v. Westchester R. R. Co., 30 App. Div. 424, 51 N. Y. Supp. 945; and Tooker v. Brooklyn Heights R. R. Co., 80 App. Div. 371, 80 N. Y. Supp. 969.

The order should be reversed, and the motion to set aside the verdict and for a new trial granted; costs of this appeal to abide the event. Milliken v. City of New York, 82 App. Div. 471, 473, 81 N. Y. Supp. 866. All concur.