uniform, I started to go to 119th street to call on my boy, who is working for Mr. Walsh. I got interested in my newspaper, and went by, and as I was near my district I thought I would go over it. I met Mr. Mulrooney, who was building on the south side of 131st street, * * * and we went into a saloon near by. Whether this man Brandt was there then or came in afterwards I do not know. I heard the voice, and saw he was sitting down at a table. He asked me to have a drink, and I said, 'No, I did not want it.' He says, 'Well, I guess $5 is what you want.' I said, 'No, I don't;' and then he called me a vile name. * * * I asked him if he was in earnest. He said, 'Yes.' Then I said to him, 'You stand up, and give me a chance to knock you off your legs; no man can call me that.' .* * * He stood up, and I struck him, and he picked up a glass and hit me, cutting my forehead, and then he ran out of the door. * * * I deny demanding defendant's money. Deny that I was in that saloon on September 28th, but I cannot deny that I struck him. I would do it again if he called me such a name, but, as I said then, I was not in uniform."

The relator was then asked, "You admit the truth of the occurrence?" and he answered, "Yes."

The department of buildings of the city of New York is an important one, and the office of inspector of buildings is an important office. The commissioner of buildings is entitled to and should have, as his subordinates, men of good character and standing in the community, and upon whom he can thoroughly rely in the discharge of their duties. One who enters a saloon, and commits an assault, does not possess that character which entitled him to be retained in the position from which the commissioner removed him. The explanation offered by the relator was for the commissioner, and, if not satisfactory to him, he was justified in removing the relator.

It follows that the proceedings should be affirmed, and the writ dismissed, with $50 costs and disbursements. All concur; BARRETT, J., in result.

BARRETT, J. I am not prepared to say that a man who resents, as the relator did, the gross insult which was put upon him, does not possess that "degree of character which entitled him to be retained in the position from which he was removed." I concur, however, in the result, for the reason that the charges were substantial, that the relator was given an opportunity for explanation, that the sufficiency of his explanation was for the commissioner, and that, upon the whole, though the case is a close one, the latter's judgment upon it was not so unreasonable as to justify judicial interference. We cannot say that the explanation was so complete and conclusive that a fair man, acting in good faith, was bound to be satisfied with it.

DE LA TORRE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.    February 9, 1900.)

DAMAGES—NEW TRIAL—VERDICT.

Where plaintiff sued for a serious injury, it was proper to set aside a verdict in her favor for nominal damages, and grant a new trial, since the verdict necessarily found that the injuries resulted from defendant's negligence, to which she did not contribute, and hence she was entitled to recover substantial damages.

Appeal from trial term, New York county.

Action by Rose De La Torre against the Metropolitan Street-Railway Company. From an order setting aside a verdict for nominal damages and granting a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
William C. Reddy, for respondent.

McLAUGHLIN, J. Action to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligence. The plaintiff, upwards of 64 years of age, on the 7th day of August, 1896, in alighting from one of the defendant's cars, either fell, or was by the sudden starting of the car thrown to the street and injured. The plaintiff claimed that, having signified to the conductor her desire to leave the car, it came to a full stop, and while she was in the act of stepping therefrom it was suddenly started, and by reason thereof she was thrown down and injured. On the other hand, the defendant claimed that the plaintiff stepped from the car while it was in motion, and before it had come to a stop. As to the plaintiff's injuries, the testimony introduced on her part tended to show that she was seriously injured; that immediately after she was thrown to the street she was picked up unconscious, and in that condition carried to her home; that, after regaining consciousness, she was, on the day of the accident and for several days thereafter, in a high state of excitement, and during a portion of the time was in a delirious condition; that for at least two weeks she was unable to leave the house; that a physician was called immediately following the accident, and that he attended the plaintiff for a considerable length of time, for which he charged $150. The jury rendered a verdict for the plaintiff for six cents, which the trial court set aside, and granted a new trial, upon payment of the costs and necessary disbursements, and the defendant has appealed.

We think the order should be affirmed. The jury, in rendering a verdict for the plaintiff, necessarily reached the conclusion that her injuries were caused by the negligence of the defendant, and that her own negligence did not in any way contribute to them. If these facts were established in her favor, she was entitled to recover such sum as would compensate her for the injuries which she had sustained, and for the expenses incurred by reason of them. The learned trial justice, therefore, very properly set aside the verdict, and directed that the issues involved be submitted to another jury.

The order appealed from should be affirmed, with costs. All concur.