## TOOKER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 13, 1903.)

1. CARRIERS—INJURIES TO PASSENGERS—INADEQUATE DAMAGES.

The flesh of one of plaintiff's fingers was torn while he was attempting to alight from one of defendant's trolley cars, by his finger ring catching in the handle bar of the car, which was started with a sudden jerk as he was attempting to alight. Plaintiff's wound was very painful, and was dressed by a physician 20 or 25 times, for which plaintiff incurred a bill of $150 for medical services. Held, that a verdict for plaintiff for six cents damages was inadequate.

2. SAME—INCONSISTENT STATEMENTS.

In an action for injuries to a passenger, his sworn statement that he was not thrown by the force of the car, but had a ring on the third finger of his left hand that got caught on the brass car handle, lacerating the finger, was not inconsistent with his claim at the trial that the sudden forward movement of the car caused the laceration of his finger.

Woodward, J., dissenting.

Appeal from Trial Term, Kings County.

Action by George A. Tooker against the Brooklyn Heights Railroad Company. From an order denying plaintiff's motion to set

aside a verdict for nominal damages and for a new trial on the minutes, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Albert A. Wray, for appellant.

I. R. Oeland, for respondent.

WILLARD BARTLETT, J. The plaintiff recovered a verdict of six cents damages for injuries to his finger, sustained by the catching of his finger ring on the handle bar of one of the defendant's trolley cars, as he was alighting from the car, which had stopped, and started at the time with a sudden jerk. The evidence amply justified a finding of negligence on the part of the defendant in the management of the car, and of the absence of contributory negligence on the part of the plaintiff. The proof demonstrated that the wound was a painful one, which had to be dressed by a physician 20 or 25 times, and that the plaintiff had incurred a bill of $150 for medical services. Under these circumstances the verdict was plainly inadequate, and should have been set aside. Of course the amount of the physician's bill was not conclusive upon the jury as to the value of the medical services rendered; but the proof left no doubt that those services were worth a substantial sum. The damages awarded were insufficient either to compensate the plaintiff for the injuries which he had sustained or for the expenses incurred in consequence thereof; and where this is the case it is the duty of the trial court to set aside the verdict. Saperstone v. Rochester Railway Co., 25 App. Div. 285, 49 N. Y. Supp. 486; De La Torre v. Metropolitan Street Railway Co., 48 App. Div. 126, 62 N. Y. Supp. 604.

It is argued that the verdict should not be disturbed because the plaintiff, prior to the trial, made an affidavit in which he said: "I was not thrown by the force of the car starting, but I had a ring on my third finger of the left hand that got caught some way on the brass handle, lacerating the finger." The fact that the starting of the car did not throw down the plaintiff was not inconsistent with his claim that its sudden movement forward caused the laceration of his finger. Upon the proof, it seems sufficiently clear that the result was right in all respects except the assessment of damages.

Order reversed, and new trial granted, costs to abide the event. All concur, except WOODWARD, J., who dissents.