## DONOVAN, *Appellant*, v. GAY.

1. **Negligence**: PERSONAL INJURIES : INSTRUCTION. In an action for damages for injuries sustained by plaintiff while employed as a carpenter on defendant's building, by being struck by the elevator while working on the elevator shaft, the elevator being operated by a boy under defendant's agent, and both the boy and the agent having been informed that the work could not be done while the elevator was in motion, the boy having been requested by plaintiff to stop the elevator that the work might be done, but failing to obey the request plaintiff was injured by the descending elevator while in a position necessary for the performance of his work, an instruction to the effect that if plaintiff knew the boy had failed to comply with his request, and put himself in a position of danger, his negligence would prevent his recovery, unless, after he was in such position, the operator either knew, or, by the exercise of reasonable care, might have known, of the danger in time to have avoided the injury, is erroneous, there being no evidence to show that plaintiff knew the boy intended to disobey his request. Such instruction presents a hypothetical case not made by the evidence and wrongfully imposes upon plaintiff the whole duty of avoiding the collision.

2. —— : ——. The duty to stop the elevator arose from the known fact that plaintiff was about to perform work which could not be done with safety while the elevator was in operation, and it made no difference that the boy was not under plaintiff's orders.

3. —— : ——. It was the duty of the defendant to use such care and caution in the performance of the work as a reasonably prudent person would have used under like circumstances, and whether or not he used such care was a question for the jury to determine under all the evidence.

4. **Practice : INSTRUCTIONS.** Where the instructions given for the defendant are such as to force the jury to a compromise verdict for the plaintiff, which is, for all practical purposes, a verdict for the defendant, it should be set aside upon the complaint of the plaintiff.

*Appeal from St. Louis City Circuit Court.*—HON. GEO. W. LUBKE, Judge.

REVERSED AND REMANDED.

*W. B. Thompson* and *Willi Brown* for appellant.

(1) An instruction which is calculated to mislead the jury, by withdrawing from their inquiry material facts, is improper, and it is good cause for reversing the judgment. *Sigerson v. Pomeroy,* 13 Mo. 620 ; *Clark v. Hammerle,* 27 Mo. 55 ; *Mead v. Brotherton,* 30 Mo. 201 ; *Iron Mt. Bank v. Murdock,* 62 Mo. 70 ; *Mansur v. Botts,* 80 Mo. 70 ; *Continental Improvement Co. v. Staid,* 95 U. S. 161. (2) Although the mere exercise of a right is not a wrong in any case, any negligence in the exercise of it that causes a loss to another is an injury conferring upon him a right of action. *Morgan v. Cox,* 22 Mo. 376. . When, by diligence proportionate to the nature of the service in which one is employed, he can avoid injuring one who is found in a dangerous place, it is his bounden duty to use reasonably that diligence in order to do so. *Vaugh v. Scade,* 30 Mo. 605 ; *Liddy v. Railroad,* 40 Mo. 507. (3) There being no doubt as to the facts, nor as to the inference to be drawn from them, it was the duty of the court to declare their legal effect. *Barton v. Railroad,* 52 Mo. 260. (4) The eighth instruction for the defendant was erroneous in that it eliminated from the attention of the jury the element of warning or notice and gave them the idea that plaintiff must have absolute control over the elevator boys in order to make his warnings or orders effectual. (5) The burden of proof in a defense of contributory negligence is an affirmative defense and upon

the defendant. *Wyatt v. Railroad,* 55 Mo. 485; *Huckshold v. Railroad,* 90 Mo. 555; *Thompson v. Railroad,* 51 Mo. 190.; *Lloyd v. Railroad,* 53 Mo. 509; *Taylor v. Railroad,* 26 Mo. App. 336. (6) Whether or not plaintiff, under all the circumstances of the case, was guilty of negligence, should have been first submitted as a question of fact for the jury to decide, and the court should not have intimated that the plaintiff was guilty of negligence.

*Martin, Laughlin & Kern* for respondent.

(1) In view of the fact that the jury found the issue for the plaintiff, the error in giving instructions, if one at all, produced no injury. *Gregory v. Chambers,* 88 Mo. 302. (2) "The instructions given at the request of the plaintiff or defendant, or on the court's own motion, must all be taken together, and if as a whole series they are correct, and not calculated to mislead, the fact that they are not all embraced in a single instruction is not error." *Karl v. Railroad,* 55 Mo. 476. "If the defects or omissions in one instruction are supplied in another, and they are both consistent and not misleading in their tendency, the error in the first is corrected and no error is committed." *Whalen v. Railroad,* 60 Mo. 323.

BLACK, J.—This is a suit for damages for injuries received by the plaintiff while at work in a seven-story office-building owned by Mr. Gay, the defendant. At the time of the accident, the building had not been entirely completed. Two elevators had been put in position by Hale & Co. under contract with defendant. They were in operation and completed, save the mere matter of seeing that the machinery was in working order. They were operated by two boys who were employed by the defendant, and were under the supervision of Mr. Butler, the defendant's agent. Plaintiff was a foreman for Mr. Guedrey, who had the contract

for the carpenter-work, and, besides being a foreman, he worked as other carpenters under his charge. Some of the paneling around the elevator at the head of a pair of stairs on the second floor proved to be too low, and the carpenters were by the contractor directed to reconstruct it. This was about ten o'clock in the forenoon, at which time the north elevator only was in operation. The evidence tends to show that Butler and the elevator operators knew and had been informed that the carpenter-work could not be done while the elevator was in operation. As the boy went up, plaintiff said to him, "Now, you stay up there; I have got to put on this moulding." To adjust the moulding, plaintiff had to and did put his head over and into the well-hole, and while in this position, the boy came down and the elevator hit the plaintiff and inflicted the injuries. There were as yet no signals attached, and there is evidence that the boy forgot the warning. There is also evidence tending to show that the plaintiff was wanting in the exercise of due care.

Special objections are made to the sixth, seventh, eighth, and ninth instructions, given at the request of defendant. It will be sufficient to set out the sixth; it is in these words:

"6. If plaintiff requested the operator to stop operating the elevator, and the operator refused or failed to comply with his request to plaintiff's knowledge, and after this plaintiff projected his head into the hatchway or well-hole of the elevator and was struck by the descending car, his own negligence precludes his right of recovery, unless from the evidence the jury find that after his head was so projected the operator either knew of his exposure, or, by the exercise of reasonable care, might have known it in time to have prevented his injury."

This instruction starts out with a hypothetical case not supported by the evidence. There is nothing, certainly nothing in the abstracts, to show, or that tends

to show, that the plaintiff *knew* the boy intended to dis-
obey the request to stop the elevator. With no proof
of this fact the instruction is radically wrong ; first,
because it imposes upon the plaintiff the whole duty of
avoiding the collision. All the parties knew that this
carpenter-work was to be done, and that it could not be
done with safety while the elevator was in operation.
It was the duty of the defendant's servants to use that
care and caution which a prudent person would have
used under like circumstances. The carpenter was not
in the wrong in putting his head into the well-hole. He
did that which his work required him to do, and it was
the duty of defendant's servants to care for his safety.
It is true the boy was not under the orders of the plain-
tiff, but he was under the orders of Mr. Butler, the
defendant's agent, and it was the duty of both the
operator and the agent to stop running the elevator when
plaintiff made known his intention to perform the work.

The eighth instruction asserts the proposition that
the operator of the elevator was under no obligation to
stop running the elevator at plaintiff's request, because
there is no evidence that he was under the plaintiff's
orders. The duty to stop the elevator arose, not from
any authority over the boy on the part of plaintiff, but
from the known fact that plaintiff was about to perform
the work which could not be done with safety with the
elevator in operation.

Again, the sixth and seventh instructions are erro-
neous because they place the plaintiff's case upon a
principle of law that has no application to the circum-
stances in evidence. This is not a case of a trespasser,
or of one who is in a position where he has no right to
be, and whose presence the defendant's servants are not
bound to anticipate. The duty to protect this carpen-
ter from injury arose when he made known his inten-
tion to commence work. The instructions make the
duty arise only after the defendant's servants knew he

Donovan v. Gay.

had put his head in the well-hole. Such a proposition is absurd, when it is remembered that the operator of the elevator could not see the plaintiff, after he had passed the second floor on the upward trip, since the elevator car was between them.

It was the duty of the defendant to use such care and caution in the performance of the work as a reasonably prudent person would have used under like circumstances, and whether he did use that care or not is a question for the jury to determine under all the evidence. It should be determined, and determined only in the light of all of the evidence, and the case should go to the jury on this theory. These remarks condemn the sixth, seventh, eighth and ninth instructions.

The defendant insists that, inasmuch as the finding was for the plaintiff, the judgment should not be reversed, even if there is error in these instructions. The jury found for the plaintiff, and assessed his damages at one dollar, though it is shown that he laid out two hundred dollars in medical services in being cured. The question here, however, is not what we should do with the judgment had the case been tried on correct instructions. The instructions given for the defendant must have had the effect to force the jury to a compromise verdict, and since that verdict is, for all practical purposes, a verdict for the defendant, it should be set aside.

We see no error in overruling the motion to suppress the deposition of Calvert.

The judgment is reversed and the cause remanded for a new trial. BARCLAY, J., not sitting; the other judges concur.