## RHINELANDER v. CITY OF LOCKPORT.

*(Supreme Court, General Term, Fifth Department.   June 2, 1891.)*

MUNICIPAL CORPORATIONS—STREET GUTTERS—STRUCTURAL DEFECTS.

Where a person is injured while crossing a street by a fall caused by stepping into a gutter at the end of a cross-walk, the city is not liable for such injuries, on the ground that the gutter was structurally defective, where it appears that all the gutters in the city were constructed on the same plan, by the advice of the city surveyor, and with the authority of the mayor and council; there being no evidence that there was any defect in the maintenance of the gutter, or that it was out of repair.

Appeal from special term, Erie county.

Action by Harriet A. Rhinelander against the city of Lockport.   From an order of the special term made in Erie county, on a case and exceptions, setting aside a verdict for plaintiff rendered at the Niagara circuit, and granting a new trial, plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*Richard Crowley*, for appellant.   *John E. Pound*, for respondent.

MACOMBER, J.   The plaintiff was injured at the corner of Transit and Caledonia streets in the city of Lockport on November 28, 1887, while passing to her home, which was on Prentice street, by stepping into a gutter on the south side of the road, occasioning a fall, producing injuries to her hand and arm, for which this action is brought.   The jury rendered a verdict in her favor in the sum of $150; but upon a case made, and a motion for a new trial before the same justice presiding at the circuit, the verdict was set aside and a new trial granted, and from the order entered thereon this appeal was taken.

The ground upon which the learned justice has granted a new trial is for the error which he thinks he fell into in submitting to the jury any question relating to the negligence of the defendant.   It is not claimed by the plaintiff's counsel that there was any defect in the maintenance of the gutter, or that it was out of repair, but that it was structurally defective; that is to say, that it was not constructed upon a proper and safe plan for the construction of the walks in that city.   It is shown by the evidence, however, and not denied, that for upwards of two years, under the advice of the city surveyor and with the authorization and approval of the mayor and superintendent of the streets, this method of constructing gutters at the end of cross-walks was adopted, and put into general application throughout that town.   The crossing at this place had been made by laying two lines of flagging approaching to about 12 inches of the curb-stone at the edge of the sidewalk, with an intervening space left open at the depth of about 6 inches; a stone being placed at the bottom as well as at the end of the crossing, and left uncovered.   The plaintiff, while crossing Caledonia street at this point at about 6 o'clock in the evening of the month of November, 1887, stepped into the gutter, and fell forward.   Some time prior to this accident the common council of the city of Lockport had directed that the street superintendent make repairs at this cross-walk.   No plan was mentioned in the resolution by which such sidewalk should be made, and no directions in that behalf were given.   But the general plan theretofore put into practical operation by the executive officers of the city was adopted by the superintendent, and the cross-walk and gutters constructed accordingly.   After the completion of the work the common council approved of the same, and provided for the payment of the expenses thereof. The ground of the verdict must have been that the city or its officers had adopted a faulty plan for the construction of cross-walks, and that, consequently, it was liable for injuries received thereby.   But, as is clearly pointed out by the learned justice in his opinion granting a new trial, a municipal corporation is not liable for the results of accidents produced by an imperfect

plan adopted for local improvements. The city authorities must be left free to exercise their judgment in devising the proper mode in crossing the streets, and when so exercised in good faith the city is not liable even though there be an error of judgment. *Paine* v. *Trustees, etc.*, 116 N. Y. 224, 22 N. E. Rep. 405.

But the learned counsel for the appellant urges that no general plan for the construction and repair of streets and sidewalks in the city of Lockport could be legally adopted, except by the common council of that city, and the several provisions in the charter thereof are cited to us in order to establish that proposition. While it is true that no general plan of making cross-walks and gutters had been adopted by the common council, yet it is shown that practically the officers of the corporation had for some time devised the plan described, and put the same into operation, and that the common council had directed such improvements generally, and afterwards provided means for paying the expenses thereof, showing an adoption of the particular means employed by the executive officers. It is not incumbent upon the city to adopt, before the construction of a sidewalk, the plan upon which it shall be constructed, in order to relieve it from liability. In the case of *Urquhart* v. *City of Ogdensburg*, 91 N. Y. 67, it was held that the fact that the corporation did not, prior to the construction of the sidewalk, expressly adopt the plan upon which it was constructed, did not impose liability; that the approval of the plan, when completed, was as much a judicial act as the design of it. The order appealed from should be affirmed, with costs.