HERMAN·SNIDER, Appellant, v. DUGALD CRAWFORD, Respondent.

St. Louis Court of Appeals; November 24, 1891.

1. **Master and Servant:** LIABILITY OF MASTER TO THIRD PERSONS. One who has been injured by the servant of another person cannot hold the master for the injury, if the injury was the result of arrangements, made by him with the servant with knowledge that they were in contravention of prior directions from the master to the servant.

2. **Practice, Appellate:** INSTRUCTIONS. The correctness· of an instruction given by the trial court cannot be reviewed on appeal, if no exception was taken by the appellant in the trial court to the giving thereof.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge. ·

AFFIRMED.

*James Carr* and *Chas. E. Wise*, for appellant.

*Pollard & Werner* and *Wentworth Terry*, for respondent.

ROMBAUER, P. J.—The plaintiff brought this action to recover damages for injuries sustained by him through the negligence of an elevator boy in the defendant's employ. The petition states, in substance, that the plaintiff was at the time of the accident engaged in erecting wire guards in the outlets from the elevator shaft, and was standing on a joist in the shaft opposite the third floor for the purpose of making a measurement for a brace which was to fasten the wire guard to a post inside the elevator shaft ; that he had notified the defendant to stop the running of the elevators while he was doing this work, which the defendant promised to do ; that, immediately before the plaintiff stepped out on the joist, he directed the elevator boy not to start

the elevator until notified by him, and that the elevator boy promised to comply with this direction ; that, notwithstanding such promise, the elevator boy let down the elevator from the second to the first floor, whereby the ascending counterweight knocked the plaintiff off the joist on which he was standing, precipitating him through the elevator shaft to the lower floor, and inflicting on him very serious injuries.. The defendant's answer was a general denial.

On the trial of the cause the plaintiff gave evidence of facts tending to substantiate the allegations of his petition. The defendant adduced evidence tending to show that he made no promise of any kind to the plaintiff ; that the only agreement made in regard to the running of the elevator was made between the plaintiff and the defendant's engineer, whereby it was agreed that the cage of the elevator in question should be kept running between the first and second floor as usual, but no higher than the second floor ; that in consequence of such arrangement the engineer put an automatic stop on the engine, which prevented the elevator cage in question from ascending higher than the second floor ; that the engineer was in exclusive charge of the elevators, and the only person who had any authority to make arrangements touching their running. The cause was tried before a jury, who found a verdict for the defendant ; and the only error complained of on this appeal is that the instructions given by the court were erroneous and misleading.

The plaintiff asked two instructions, both of which were given by the court. One was on the measure of damages, and has no bearing on the present inquiry. The other, which states the conditions of plaintiff's right of recovery, is as follows: "If the jury believe from the evidence in this case that Field-Lange Wire & Metal Company had a contract with defendant to put up wire guards about the shafts of the elevators described in plaintiff's petition herein; that plaintiff

was a blacksmith by trade and in the employ of Field-Lange Wire & Metal Company; that, in the execution of said contract on the sixteenth day of June, 1890, it became the duty of plaintiff to go and stand upon the joist described in said petition for the purpose of measuring the distance between the top of the guard on the east side of the elevators described in said petition and the post on the south side of said middle elevator nearest to said guard on the east side thereof; that, prior to going on said joist for said purpose, plaintiff notified defendant of the danger he would be in, if the middle and south elevators described in the petition were running while so engaged, and requested defendant not to have said elevator, or either of them, run while he was or might be in dangerous position for the purpose of doing any work necessary to be done in connection therewith, and defendant promised plaintiff to have said middle elevator stopped for a short space of time when requested by plaintiff, and thereupon defendant instructed the boy running said middle elevator to stop running the same for a short time whenever requested by plaintiff to do so, and each of said elevators was operated by a boy in the employ of the defendant; that, when plaintiff got ready to go upon said joist for said purpose, he notified the boy who had charge of said middle elevator to cease running the same until he, plaintiff, should inform him he might start it again; that said boy promised him not to run the same until plaintiff should notify him that he might do so; that plaintiff relied upon said promise, and went upon and was standing on said joist and was exercising due care in making said measurement, and, whilst so doing, said boy, without any notice or warning to or request from plaintiff, negligently, suddenly and unexpectedly, rapidly lowered the cage of said elevator from the second to the first floor, in consequence of which the iron weight connected with said elevator was as rapidly raised from the second to the third floor and knocked

plaintiff off said joist, and precipitated him down the shaft of said elevator to the cage thereof at the first floor of the building described in said petition, then the plaintiff is entitled to recover, and the jury will so find."

The defendant asked the following instructions, which the court gave : "The court instructs the jury that, if you find from the evidence that plaintiff, in going to work on the elevator on defendant's premises, made, with the consent of the defendant, certain arrangements with defendant's engineer for the running of the elevator whilst he was working about it, which said arrangements were complied with by the defendant's engineer ; and if plaintiff governed himself by them he would not have been injured ; and, subsequently, and without knowledge or consent of the defendant, or the engineer, he attempted to vary such arrangements by directions to defendant's elevator boy, in conflict with the scope of the boy's duties to his master, and, through his failure to follow which by the boy, plaintiff was injured, then plaintiff cannot recover herein."

"The court instructs the jury that, in order to render a master liable for the negligence of a servant, the servant must have been acting within the scope of his employment, and must have been subject to his master's order and control at the time of the commission of the negligent act complained of ; and, if you find from the evidence that Huber, defendant's elevator boy, at the time of the accident in question, was not, in fact, acting under the directions of the defendant, but had, without direction from defendant so to do, placed himself under plaintiff's control, and that plaintiff assumed to direct, and did direct, him, then for said Huber's negligence in failing properly to follow the directions given him by plaintiff, whereby plaintiff was injured, defendant would not be liable."

It will be seen by the statement of the evidence hereinabove set out, that the plaintiff's instruction,

as well as those of the defendant, are supported by substantial evidence, and are in no sense contradictory. If the jury believed that the arrangement made between the plaintiff and defendant for running the elevators was as set out in plaintiff's petition and evidence, then, under the instructions given on behalf of plaintiff, the jury were directed to find in his favor ; if, on the other hand, the jury believed that the only arrangement for running said elevators was the one made by the plaintiff with the defendant's engineer, then, under the instructions given on behalf of the defendant, the defendant was not liable. Instructions are to be taken as a whole. The plaintiff's evidence and that of the defendant on the subject of the agreement were irreconcilable. The evidence of each party showed that only one agreement was made in regard to running the elevator, but as to the time when made, with whom made, and terms of the agreement, the evidence was wholly at variance. The jury on that subject gave credence to the defendant's witnesses, and that concludes the plaintiff, leaving nothing for review but the propriety of the instructions given on behalf of the defendant.

The master is answerable to third persons for injuries which they receive by the servant's wrong or negligence while acting within the scope of his employment. The proper limitation recognized in all cases is, that the wrong done must be *within the scope of the servant's employment.* Jones v. Packet Co., 43 Mo. App. 398 ; *Farber v. Railroad,* 32 Mo. App. 378, and cases cited. It was unquestionably the duty of the defendant and his servants in the operation of the elevator to use it in such manner as not to injure the plaintiff, while engaged in working upon the elevator, and, if the case would simply rest on that proposition, the plaintiff's right of recovery would be warranted by *Donovan v. Gay,* 97 Mo. 440. But this case presents a different proposition. The defendant asserts, and the jury find, that the plaintiff and defendant entered into

a special arrangement, whereby the elevator cage might be run as usual to the second story, and that the accident happened, not because this arrangement was carried out, but because it was departed from by an arrangement, not between the master and the plaintiff, but between the servant and the plaintiff, and made for the plaintiff's convenience alone. If, in *Garretzen v. Duenckel*, 50 Mo. 104, the discharge of the gun in the hands of the servant had injured the customer who had induced the servant to load and fire the gun in violation of his master's orders, communicated to him, there clearly could have been no recovery on the part of the customer. We know of no case which goes to the extent that a person may request the servant to violate his master's orders, and then recover for injuries inflicted upon him by such violation, nor can such a rule be supported on any sound moral principle.

It is said by ALVEY, C. J., in *Adams v. Cost*, 62 Md. 264, that, if the servant does an act by the request of the person injured, which he would not have done if not thus requested, he becomes *pro hac vice* the servant of the party making the request, and such person cannot recover for injuries caused to him by the negligent performance of that act ; but it is not necessary to go to that extent in this case to justify defendant's instructions.

The court gave a further instruction to the jury for the defendant on the ground of contributory negligence. As that instruction was not excepted to, there is nothing before us for review on that subject.

All the judges concurring, the judgment is affirmed.