WILLIAM S. CONRAD *vs.* JACOB DOBMEIER.

Argued April 26, 1894. Affirmed May 4, 1894.

No. 8655.

**New trial, for inadequate damages.**

When the jury find a verdict in favor of the plaintiff which determines issues in his favor that entitle him to substantial damages, but the jury award him only nominal damages, *held* it is not error in the court below to set aside the verdict, and grant a new trial.

Appeal by defendant, Jacob Dobmeier, from an order of the District Court of Crow Wing County, *G. W. Holland,* J., made August 9, 1893, granting a new trial under 1878 G. S. ch. 66, § 253, as amended by Laws 1891, ch. 80, for inadequate and insufficient damages appearing to have been given under the influence of passion or prejudice.

*Bangs & Fisk* and *True & Neal,* for appellant.

*McClenahan & Mantor,* for respondent.

CANTY, J. Plaintiff held a mortgage on a certain brewery, and the land on which it was situated. The mortgagor conveyed to defendant, and plaintiff foreclosed his mortgage. During the year of redemption the brewery was burned, reducing the value of the premises to a small part of the sum for which they had been sold on the foreclosure sale. Afterwards, and before the year to redeem expired, plaintiff and defendant entered into an agreement whereby plaintiff agreed to loan defendant $1,000, and whereby defendant agreed to mortgage some real estate he owned in Dakota to plaintiff to secure the payment of the same, and also to build a brewery of

certain dimensions on the site of the former brewery; and plaintiff agreed, on full performance by defendant, to convey the foreclosed premises to defendant when the time to redeem expired, and to take back a mortgage for the amount of the indebtedness arising under said first-named mortgage. This agreement was made on the 29th of March, 1892, and, on the 22d of May following, defendant wrote plaintiff, refusing to build the brewery or perform the contract, and plaintiff brought this suit for damages. The jury on the trial found a verdict for plaintiff for one dollar. The court, on motion, granted a new trial, and defendant appeals.

We are of the opinion that there was clearly no abuse of discretion in setting aside the verdict. Plaintiff was entitled to substantial damages, or else he was not entitled to a verdict at all. The jury found all the issues in his favor except the amount of damages, and the court below did right in setting the verdict aside.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 870.)