WILLIAM S. CONRAD v. JACOB DOBMEIER.[1]

April 29, 1896.

Nos. 9816—(32).

Execution of Contract—Damages—Continuance.

Certain errors alleged to have occurred upon the trial of this cause, which was brought to recover damages for a breach of contract, considered and disposed of.

Appeal by defendant from an order of the district court for Crow Wing county, Holland, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $1,074.17. Affirmed.

*True & Price* and *Bangs & Fisk*, for appellant.

*McClenahan & Mantor*, for respondent.

COLLINS, J. The facts in this case sufficiently appear in the opinion filed on a former appeal. 57 Minn. 147, 58 N. W. 870. Subsequently the cause was brought on for a second trial, and, under instructions from the court, plaintiff obtained a verdict for substantial damages. The present appeal is from an order denying defendant's motion for a new trial.

Several of the assignments of error go to rulings of the court whereby plaintiff's counsel were allowed to introduce the written

[1] Reported in 67 N. W. 5.

contract in evidence, the claim being that there was an entire failure to show its execution and delivery. A purported copy of the contract, from which it appeared that it was executed under seal by both parties in the presence of witnesses, and that each, but separately, had acknowledged its execution before notaries public, was made a part of the complaint. The alleged execution and delivery were not denied in express terms in the answer, but the gist of that pleading was an effort to set up that such execution and delivery were obtained from defendant by means of false and fraudulent representations made by plaintiff. If this answer did not expressly admit the execution and delivery alleged in the complaint, it certainly did by implication. But the contract was acknowledged in the manner provided by law for the taking of proof or acknowledgment of conveyances of real estate, and the certificates of the notaries were indorsed thereon in due form. It was admissible in evidence under the provisions of G. S. 1894, § 5727. Again, there was ample extrinsic testimony as to its execution; for the plaintiff stated, as a witness, that he executed it, and he also identified defendant's signature, while the notary who took the latter's acknowledgment was also examined upon this point, and through him the execution by both parties was fully shown.

It is urged that the court erred in permitting the plaintiff to testify as to what the property would have been worth, had defendant performed his part of the contract; that is, had he improved it as agreed upon. The objection to the question which called for this estimate as to value was—First, that the witness had not shown himself competent to testify on this point; and, second, that there was no evidence before the court of the execution and delivery of the contract. The competency of the witness, prima facie, had been shown, and we have heretofore disposed of the second ground of objection.

It is also claimed that the court erred in its instructions that the jury must find for plaintiff, and also in its instructions as to the measure of damages. From the record it appears that, at the request of plaintiff's counsel, the court directed the jury to find for plaintiff, and also instructed it as to the manner of arriving at the amount of plaintiff's damages. The objection made by defendant's counsel was that the plaintiff had failed to make out a case,

but the exception went somewhat further. It does not appear that counsel claimed at any time that the rule stated for the ascertainment of damages was improper, nor does it appear that counsel even suggested any other.

The defendant's counsel offered no evidence whatsoever tending to establish a defense, or otherwise. The execution and delivery of the contract had been established. It practically stood admitted that defendant had refused to carry out his part of it, and plaintiff was entitled to recover substantial damages, if he had shown the amount thereof. He fixed a valuation upon the property, if defendant had complied with his agreement and had improved, of between three and four thousand dollars, more than double the amount claimed as damages; and in addition to this direct evidence were the specifications as to the kind and character of the improvements agreed upon in the contract, and these strongly tended to show the probability of the correctness of plaintiff's estimate. In addition to this was the fact that defendant's counsel made no effort to show that the value of the improvements, had they been made, would have been any less than plaintiff stated. Under the circumstances, the court was justified in charging as requested. And in coming to this conclusion we are not required to say that the rule by which the amount of damages was to be determined was accurately stated. Referring to an assertion made by defendant's counsel on the oral argument, it may be well to say that the record does not bear out the claim that by means of the instruction the jury was compelled to accept as conclusive plaintiff's estimate of values.

It is claimed by the first assignment that the court erred in refusing a continuance because of defendant's enforced absence. We are of the opinion that on the showing made, especially in view of the fact that defendant's counsel had once tried the cause, and, presumably, were familiar with it, and also that plaintiff's counsel offered that defendant's testimony taken at the former trial might be read and considered as actually given,—which offer defendant's counsel declined to accept,—the court did not abuse its discretion in respect to the motion for a continuance. This disposes of the appeal.

Order affirmed.