LEWIS MARSH v. MINNEAPOLIS BREWING COMPANY.[1]

May 13, 1904.

Nos. 13,874—(60).

**Sidewalk—Negligence.**

A municipality graded a certain street across private property without acquiring title thereto. The owner constructed a sidewalk connecting a building upon his premises with the street, and held the same out as a thoroughfare to the public. *Held:*

1. The complaint states a cause of action.

2. The owner was required to exercise ordinary care in keeping the sidewalk in good condition.

3. The court was justified in granting a new trial upon the ground that the verdict was inadequate.

Action in the district court for Clay county to recover $10,000 for personal injuries resulting from a fall caused by a defective sidewalk on defendant's premises. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for $50. From an order granting a motion for a new trial, unless defendant should consent to the entry of judgment in favor of plaintiff for $175, defendant appealed. Affirmed.

*C. A. Nye* and *Cobb & Wheelwright,* for appellant.

*James M. Witherow,* for respondent.

LEWIS, J.

The city of Moorhead graded and paved a certain narrow street, with approaches for a bridge, and, in so doing, took possession of and graded the front end of a certain lot belonging to appellant, and fronting upon the street. In making this grade the city established a curb line across the lot at the side of the street so widened. The effect of the grading was to leave the remainder of the lot a few feet below the level of the street. A building stood on the lot, the front of which was about five feet distant from the curb as established; and, in order to connect the building with the street, appellant constructed a sidewalk

1 Reported in 99 N. W. 630.

upon a trestlework, and in this manner it was maintained by it for a period of about five years, during which time the public were invited to pass over it in going to and from appellant's premises. Some of the planks in the sidewalk have become decayed, and respondent, while passing in front of appellant's building, broke through and fell, causing the bodily injuries for which this action is brought to recover damages. A verdict was returned for $50, and on motion of respondent the court granted a new trial unless appellant would make the amount of damages $175.

There was some evidence tending to show that the portion of the lot taken for the street as graded was done by the consent of the owner, and that the city had upon different occasions assumed to repair the sidewalk, but there was no evidence to show that the property had ever been dedicated or legally acquired by the city for the purposes of a street, and the fact that the city had assumed to repair the sidewalk is immaterial in this case. The court was justified in instructing the jury that the city was in no way connected with the transaction.

In the case of Noonan v. City of Stillwater, 33 Minn. 198, 22 N. W. 444, it was held that a charter provision which required the owners of land adjoining any street to construct, maintain, and repair sidewalks, and that such owners should be liable for all damages resulting from negligence in keeping the sidewalk in repair, was unconstitutional, in so far as it assumed to make the owners liable to others than the city, but that case has no application to the facts here involved. Nash v. Minneapolis Mill Co., 24 Minn. 501, is an illustration of the rule that the owner or occupant of real property is bound to keep the premises in a safe condition for the access of persons coming thereto by invitation, express or implied. To the same effect, Minneapolis Mill Co. v. Wheeler, 31 Minn. 121, 16 N. W. 698.

In those cases the platform and bridge held out to the public as a thoroughfare was not directly connected with the public street, but the principle is applicable to the case now under consideration. If appellant's premises were located within five or six feet of the street, and it voluntarily constructed a walk to connect the two, inviting the public to use it as a thoroughfare to and by its premises, the legal duty rested upon it to exercise ordinary care in keeping the sidewalk in proper condition.

The complaint stated a cause of action. The evidence was sufficient to go to the jury upon the question of defendant's negligence and upon the question of damages. It was within the reasonable discretion of the trial court to grant a new trial upon the ground that the verdict was inadequate, and appellant was not prejudiced by the condition that it might avoid a new trial by payment of $175.

Order affirmed.