ROBERT G. FORD v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

May 11, 1906.

Nos. 14,715—(102).

**Assault upon Passenger.**

Plaintiff, who was convalescing from serious neurasthenia, when about to get on one of defendant's cars as a passenger, was seized by the throat by an employee of the defendant and dragged or pushed about twelve feet into the street gutter. Plaintiff's neck was bruised or cut where the employee's fingers dug into his flesh. The discoloration and finger marks on his throat remained for several days. The effect on plaintiff was to retard his recovery. Some one, not the plaintiff, had struck the employee. When plaintiff called to him not to strike, that it was not the plaintiff who had struck him, the employee let go of plaintiff, not knowing whether plaintiff was his assailant or not. *Held*, under the circumstances of the case, the assault was tortious, and plaintiff was not restricted to nominal damages.

**New Trial.**

It was within the reasonable discretion of the trial court to grant a new trial upon the ground that a verdict of one dollar was inadequate. The defendant and appellant was not prejudiced by the condition that it might avoid a new trial by payment of $150. Marsh v. Minneapolis Brewing Co., 92 Minn. 182, followed and applied.

Action in the district court for Hennepin county to recover $5,000 for an assault by a servant of defendant upon plaintiff while the latter was attempting to board defendant's street car. The case was tried before Simpson, J., and a jury, which rendered a verdict of one dollar in favor of plaintiff. From an order granting a motion for a new trial unless defendant should consent that the verdict be increased to $150, defendant appealed. Affirmed.

*Koon, Whelan & Bennett,* for appellant.

*R. L. Penney,* for respondent.

JAGGARD, J.

Plaintiff's claim for $5,000 damages was based upon the following facts: He had been in ill health, and was convalescing from serious

[1]Reported in 107 N. W. 817.

neurasthenia. When he was about to get on one of defendant's cars as a passenger, some one, not the plaintiff, struck an employee of the defendant who had been sent by the company to the place to assist in handling the passengers there. That employee turned around, seized plaintiff by the throat, dragged or pushed him about twelve feet into the street gutter, and threatened to "smash his damned head." Plaintiff called to him not to strike. Plaintiff's neck was bruised or cut where the. employee's fingers had dug into his flesh. The discoloration and finger marks on his throat remained for several days. The effect on plaintiff was to retard his recovery. The defense was as follows: As soon as the plaintiff said that it was not he who had struck the employee, that employee then, not knowing whether plaintiff was the assailant or not, let go of him.

There was no evidence that the plaintiff lost time or recreation. He was never obliged to, and did not, consult a physician with reference to his injuries. The jury returned a verdict of one dollar. On motion by the plaintiff the court ordered that the verdict be set aside and a new trial had, unless the defendant should, within ten days from the date of the filing of the order, consent in writing that such verdict might be increased to the sum of $150.

This appeal presents only the question whether or not the damages were inadequate. Under the circumstances of this case, the assault was tortious and plaintiff was not restricted to nominal damages. McNamara v. St. Louis, 182 Mo. 676, 81 S. W. 880, 66 L. R. A. 486; Ickenroth v. St. Louis, 102 Mo. App. 597, 77 S. W. 162; Goddard v. Grand Trunk, 57 Me. 202, 12 Am. 39; Draper v. Baker, 61 Wis. 450, 21 N. W. 527; Craker v. Chicago, 36 Wis. 657, 17 Am. 504; 3 Current Law, 325, notes 35, 36. While there is authority that a verdict in a personal injury case for an inadequate amount should not be set aside (Stroh v. South Covington [Ky.] 78 S. W. 1120; but see contra Michalke v. Galveston [Tex. Civ. App.] 27 S. W. 164), the rule under express statutory provision and the decisions of this court is otherwise in this state (Henderson v. St. Paul & D. R. Co., 52 Minn. 479, 483, 55 N. W. 53; Lane v. Dayton, 56 Minn. 90, 57 N. W. 328; Conrad v. Dobmeier, 57 Minn. 147, 58 N. W. 870; Marsh v. Minneapolis Brewing Co., 92 Minn. 182, 99 N. W. 630), in accordance with the almost universal holding on this subject. Thus

in Sullivan v. Vicksburg, 39 La. An. 800, 2 South. 586, 4 Am. St. 239, it is said: In negligence cases, the court is averse to increasing the verdicts of juries, who rarely underestimate damages; but, when the jury has failed to do justice, the court in the exercise of its jurisdiction, must do it. And see Donovan v. Gay, 97 Mo. 440, 11 S. W. 44; Fairgrieve v. City, 29 Mo. App. 141; Ellsworth v. City, 41 Neb. 881, 60 N. W. 336; Miller v. Delaware, 58 N. J. L. 428, 33 Atl. 950; Smith v. Dittman, 16 Daly, 427, 11 N. Y. Supp. 769; Brown v. Foster, 1 App. Div. 578, 37 N. Y. Supp. 502; Kelly v. City, 60 Hun, 582, 15 N. Y. Supp. 29; Baily v. City, 1 Handy (Ohio) 438; Caldwell v. Vicksburg, 41 La. An. 624, 6 South. 217; Whitney v. City, 65 Wis. 409, 27 N. W. 39.

The order of the trial court was a discretionary one and will not be set aside unless it affirmatively appeared that it constituted an abuse of discretion. Dunnell, Minn. Pr. § 1024; Marsh v. Minneapolis Brewing Co., supra; Mohr v. Williams, 95 Minn. 261, 104 N. W. 12. In Marsh v. Minneapolis Brewing Co., supra, Lewis, J., said: "It was within the reasonable discretion of the trial court to grant a new trial upon the ground that the verdict was inadequate, and appellant was not prejudiced by the condition that it might avoid a new trial by payment of $175." We are of opinion that no abuse of discretion appears in this case.

Order affirmed.