# HENRY L. SCHMIDT v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

### July 2, 1909.

### Nos. 16,159—(169).

**Amount of Verdict Not Evidence of Undue Influence on Jury.**

A verdict of $2,500 for personal injuries in this case was a substantial sum, and, in the absence of other evidence to indicate passion or prejudice, will not justify the inference that the jury were unduly influenced.

Action in the district court for Ramsey county to recover $25,000 for personal injuries. The case was tried before Orr, J., and a jury which rendered a verdict in favor of plaintiff in the sum of $2,500. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

[1]Reported in 122 N. W. 9.

*Samuel A. Anderson,* for appellant.
*Nelson J. Wilcox* and *F. W. Root,* for respondent.

LEWIS, J.

Appellant was injured while acting as a brakeman in respondent's service, and recovered a verdict for $2,500. He moved for a new trial upon the ground that the amount was inadequate and that the jury were influenced by passion and prejudice, and upon the further ground that the verdict was not justified by the evidence.

Whether a new trial, upon the ground of excessive or inadequate damages, should be granted or refused, rests in the sound judicial discretion of the trial court. Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L. R. A. (N. S.) 439, 111 Am. St. 462. In cases where the plaintiff is entitled to a verdict for substantial damages, and the jury awards nominal damages only, the trial court may, in its discretion, set the verdict aside and grant a new trial. To this class belong Conrad v. Dobmeier, 57 Minn. 147, 58 N. W. 870; Marsh v. Minneapolis Brewing Co., 92 Minn. 182, 99 N. W. 630; Ford v. Minneapolis St. Ry. Co., 98 Minn. 96, 107 N. W. 817, and Alton v. Chicago, M. & St. P. Ry. Co., 107 Minn. 457, 120 N. W. 749. No doubt cases arise when it is apparent, from some event transpiring during the course of the trial, that the jury were influenced in such a manner as to cause them to return a verdict contrary to the evidence. From the record now before us, we are unable to discover any line of evidence or incident during the trial which could have had any such effect.

Cases may arise when it will be permissible to assume, from the amount of the verdict alone, that the jury were unduly prejudiced; but this was not such a case. Two thousand five hundred dollars is a substantial and not a nominal sum, when considered in connection with the evidence. Appellant is a young man, and his left leg below the knee was so badly crushed that it is useless, and he has to use crutches. According to the testimony of the surgeon attending him, the proper treatment would be to amputate the leg two or three inches below the knee and use an artificial limb. He was not otherwise injured, and, so far as the record shows, is in full possession of all his faculties. In the absence of other evidence

tending to show passion or prejudice, the amount returned by the jury does not warrant the assumption that the jury did not come to a conclusion by the exercise of deliberate judgment.

A verdict cannot be set aside simply because the court may be of opinion that it was not adequate. It cannot be interfered with because juries in other cases have returned verdicts for much larger amounts for similar injuries. There is no fixed standard by which the loss of a limb can be estimated. The minds of reasonable men naturally differ upon such a proposition, and under our system of jurisprudence the decision of the jury is final.

Affirmed.