# LOUIS NORDHEIMER v. MORRIS KANTER and Others.[1]

March 30, 1915.

Nos. 19,027—(40).

**Exceptions — motion for new trial.**

Assignments of error in this court cannot take the place of exceptions required by the statute to be taken at the trial and noted in the motion for a new trial. [Reporter.]

[1] Reported in 152 N. W. 270.
    129 M.—34.

Action in the district court for Ramsey county to recover $1,780, balance due for services as manager of defendants' business. The case was tried before Kelly, J., who when plaintiff rested denied defendants' motion to dismiss the action, and a jury which returned a verdict for $1,200. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Louis L. Schwartz,* for appellant.

*Thomas Jefferson McDermott,* for respondent.

PER CURIAM.

Action to recover for services alleged to have been rendered· for defendants as manager of their retail provision store at St. Paul. Plaintiff had a verdict and defendants appealed from an order denying a new trial.

The only question presented by the record is whether the evidence is clearly against the verdict. The assignments of error challenging certain rulings of the court on the admission and exclusion of evidence, and in its. charge to the jury, cannot be considered for the reason that they are not founded upon an exception taken at the trial or in the motion for a new trial. Assignments of error in this court cannot be made to answer the purpose of exceptions required by statute to be taken in the trial court. American Engine Co. v. Crowley, 105 Minn. 233, 117 N. W. 428. One assignment is founded upon such an exception but is without substantial merit. The evidence upon the merits of the controversy is squarely contradictory, and an examination thereof presents no reason for disapproving the verdict of the jury. A discussion of the evidence would serve no useful purpose. It is sufficient to say that we have carefully read it with the result stated.

Order affirmed.