SAYER, Respondent, v. LEE, Appellant.

(170 N. W. 148).

(File No. 4408.   Opinion filed December 31, 1918.)

1. **Appeals—Error—Granting New Trial, Assignment of Error Re, Distinction Re Refusal of New Trial—Imperfect Specifications of Error—Rule.**

Upon appeal from an order granting a new trial the only assignment of error is error in sustaining the motion; while upon appeal from an order refusing new trial, there must be assignments of error corresponding to specifications of error relied upon and contained in settled record, together with further assignment that the court erred in refusing new trial. In the former case, the specification of error upon which motion for new trial was based must be in printed appeal record, in order that appellate court may be fully advised of grounds upon which new trial was or might have been granted; and a printed record which, while containing a statement of the evidence received, together with respondent's exceptions to certain instructions, does not set forth specifications of error upon which the motion was based, is incomplete in not showing specifications upon which new trial was granted.

2. **Appeals—Error—Granting New Trial—Specifications Wanting, Presumption Re Trial Court's Action.**

Upon appeal from an order granting new trial, held, that in absence of specification of error in printed record, the presumption in favor of trial court's action warrants assumption that error was apparent from one or more specifications in settled record.

3. **Appeals—Error—Parties' Assumption Re Record—Specification of Error Re Inadequacy of Evidence—Examining Evidence, Propriety of.**

Where appellant's argument assumes, and respondent's concedes that one specification of error on which new trial was granted was insufficiency of evidence to sustain verdict, it is proper for Court on appeal, in view of possible application to amend record to show such specification, to examine evidence as affecting inadequacy of verdict.

4. **New Trial—Inadequacy of Verdict as Ground—Excessive Verdict, Compared—Insufficiency of Evidence, How Considered.**

Appellant's contention that under the statutes inadequacy of verdict cannot be assigned as ground for granting new trial, but only as excessive verdict, is untenable; inadequacy of verdict may be ground for new trial, and renewable upon assignment of insufficiency of evidence.

5. **New Trial—Granting New Trial—Insufficiency of Evidence—Reversal, Abuse of Discretion, Condition Necessary.**

It appearing that the evidence shows that trial court did not abuse its discretion in granting new trial, the rule is recognized, that such order will not be reversed unless such abuse clearly appears; which discretion is one exercised to an end or purpose not justified by, and clearly against, reason and evidence; Root v. Bingham, 20 S. D. 118, followed.

McCOY, J., taking no part in the decision.

Appeal from Circuit Court, Marshall County. HON. THOMAS L. BOUCK, Judge.

Action by Rose E. Sayer, against Fred N. Lee, to recover damages for alleged fraudulent representations in an exchange of lands for personalty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Byron Abbot,* for Appellant.

*M. J. Staven,* and *Frank McNulty,* for Respondent.

(3)   To point three of the opinion, Appellant cited:

Reuber v. Negles, 126 N. W. 966.

(4)   To point four, Appellant cited:

Johnson v. Mullen, 167 N. W. 326; Westby v. Washington B. K. & M. Co., 82; Clifford v. Denver, 20 P. 333; Root v. Bingham, 26 S. D. 118; 128 N. W. 132; Sharon v. Sharon, 16 P. 345; 1 C. J. 372.

Respondent cited:

Rex Buggy Company v. Dinneen, 23 S. D. 474, 122 N. W. 433.

SMITH, J.   Action to recover damages for alleged fraudulent representations in a transaction involving an exchange of lands along the shore of Waubay Lake in Day county, for personal property owned by plaintiff. Verdict for plaintiff for. $3,000 damages. Plaintiff moved for a new trial, which was granted. Defendant appeals.

[1, 2] The only assignment of·error upon such an appeal is error in sustaining the motion for a new trial. A distinction is to be observed between assignments of error necessary upon an appeal from an order granting, and an order refusing, a new trial. In the latter case it is necessary to frame assignments corresponding to the specifications of error relied upon and contained in the settled record, together with the further assignment that the court erred in refusing a new trial. In the former case, the only assignment to be made is one assigning as error the granting of a

new trial; but the specifications of error which were the basis of the motion for a new trial, and every one of such specifications, must be in the printed appeal record, in order that the appellate court may be fully advised of the grounds upon which the new trial was or might have been granted. The motion in this case was upon a settled record which appears to have contained specifications of error. The printed record before us contains a purported statement of the evidence received at the trial, together with respondent's exceptions to certain instructions given the jury, but does not set forth specifications of error contained in the settled record upon which the motion was based. Appellant's counsel in his printed argument refers to and discusses a number of assumed specifications of error, none of which appear in the printed record. In short, the complete record upon which the trial court acted in granting the new trial is not before us, and for that reason we do not know upon what specifications the new trial was granted. It follows that the printed record fails to show affirmative error. In the absence of specifications of error, the presumption in favor of the action of the trial court warrants the assumption that error was apparent from one or more of the specifications in the settled record before the trial court upon the motion.

[3] Appellant's counsel in his argument assumes, and respondent's counsel appears to concede, that one of the specifications of error upon which the new trial was granted was insufficiency of the evidence to sustain the verdict; and, in view of a possible application for amendment of the record to show specifications of error, we have deemed it proper to examine the evidence as affecting the question of the inadequacy of the verdict.

[4] It is appellant's contention that, under the statutes of this state, inadequacy of a verdict cannot be assigned as a ground for granting a new trial, but only an excessive verdict. Appellant's counsel is in error. Inadequacy of a verdict may be ground for a new trial, and may be considered upon an assignment of insufficiency of the evidence. Henderson v. St. Paul & D. R. Co., 52 Minn. 479, 55 N. W. 53; McDonald v. Walter, 40 N. Y. 551; Shearman v. Henderson, 12 Hun (N. Y.) 172; Smith v. Dittman, 11 N. Y. Supp. 769; Hurley v. Met. St. Ry. Co., 87 App. Div. 66, 83 N. Y. Supp. 1082; Hall v. The Banning, 33 Cal. 522; Benjamin v. Stewart, 61 Cal. 608; Bennett v. Hobroe, 72 Cal. 178, 13

Pac. 473; Ford v. Mpls. St. Ry. Co., 98 Minn. 96, 107 N. W. 817, 8 Ann. Cas. 902; Tathwell v. Cedar Rapids, 122 Iowa, 50 97 N. W. 96; Emmons v. Sheldon, 26 Wis. 648; Klaveness v. Freese, 33 S. D. 263, 145 N. W. 561.

[5] We deem it unnecessary to discuss the evidence, except to observe that it shows sufficient grounds for our conclusion that the trial court was not guilty of an abuse of discretion in granting the new trial because of inadequacy of the verdict. An order granting a new trial on the ground of insufficiency of the evidence will not be reversed by this court unless it is made clearly to appear that the trial court abused its discretion. Kunz v. Dinneen, 18 S. D. 262, 100 N. W. 165; Rex Buggy Co. v. Dinneen, 23 S. D. 474, 122 N. W. 433; Drew v. Lawrence, 37 S. D. 620; 159 N. W. 274; Hackett v. Straw, 33 S. D. 17, 144 N. W. 655; Blewett v. Hendry, 37 S. D. 106, 156 N. W. 795.

In the case of Root v. Bingham, 26 S. D. 118, 128 N. W. 132, defining the term "abuse of discretion," this court said:

" 'It is really a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence.' The difference between an order granting and an order refusing a new trial is obvious. One leaves the litigation undetermined. The other concludes it. Hence the rule requiring a stronger showing to secure a reversal of the former. Indeed, the circumstances would be exceptional that would justify an appellate court in reversing an order granting a new trial on the ground of insufficiency of the evidence, where, as in this case, the larger part of it consists of oral testimony given in the presence of the trial judge. He is in a far better position than are the judges of this court to determine whether the ends of justice have been attained—whether the cause should be again tried."

The order of the trial court is affirmed.

McCOY, J., took no part in this decision.