## PETER KOCH v. HENRY SPEISER.[1]

March 5, 1920.

No. 21,587.

**New trial because of nominal damages — discretion of court.**

1. A verdict in a nominal amount for damages from flowage caused by obstruction of a drainage ditch, is not, under the evidence in this case, so grossly inadequate as to warrant this court in granting a new trial. The question whether a new trial should be granted on such ground is one resting largely in the discretion of the trial court.

**Appeal and error — review of rulings on evidence not excepted to.**

2. Rulings on evidence, not excepted to on the trial, will not be reviewed on appeal.

**Evidence not prejudicial.**

3. Certain testimony received and later stricken out, *held* not prejudicial.

**Evidence of subsequent conditions admissible.**

4. Testimony as to conditions a year after the cause of action arose are admissible, where there is evidence that conditions had not changed in the meantime.

**Evidence inadmissible.**

5. Testimony as to occurrences, immaterial because happening at a

[1]Reported in 176 N. W. 754.

time after the alleged cause of action arose, is not admissible for purposes of impeachment.

**Charge to jury — damage to crops.**

6. The charge, taken as a whole, fairly submitted the case to the jury. It was not error to charge that the jury might estimate damage to crops by taking the difference between the value of the land with the crop and without the crop.

Action in the district court for Ramsey county to recover $13,500 damages for wilful obstruction of a public ditch intended to drain plaintiff's and others' land. The answer alleged that the damages claimed for the years 1908 to 1913 were barred by the statute of limitations. The case was tried before Haupt, J., and a jury which returned a verdict for one dollar. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Thomas C. Daggett,* for appellant.

*Morphy, Bradford & Cummins,* for respondent.

HALLAM, J.

Plaintiff owns a garden lot on which for several years he planted celery. Defendant occupied the lot immediately below plaintiff's and there pastured horses and cows. A county drainage ditch runs through both lots. Plaintiff claims that, during the years 1911 to 1916 inclusive, defendant negligently permitted his horses and cows to trample in and across the ditch, and, in so doing, to break in the sides of the ditch, and that this obstructed the flow of water and caused it to back up and overflow plaintiff's land, to such an extent that plaintiff's celery crop was damaged $1,500 each year. The jury returned a verdict for plaintiff in the nominal sum of one dollar. Plaintiff appeals.

1. Plaintiff contends that the verdict of one dollar is grossly inadequate. The testimony was in conflict. The jury might, under the evidence, have found for the defendant. But that is not determinative. They did find defendant liable, that is, they, in effect, found that defendant's cattle did interfere with the ditch, and the question is, liability being established, are the damages so inadequate that the verdict cannot stand? The question whether a new trial should be granted on this ground is one resting largely in the discretion of the trial judge. The

trial judge approved the verdict and it will not be disturbed in this court, unless there was a clear abuse of discretion, Ford v. Minneapolis Street Ry. Co. 98 Minn. 96, 107 N. W. 817, Ann. Cas. 902. We are of the opinion that the verdict should not be disturbed. If the jury accepted plaintiff's testimony, they could have found that the damage was much more than nominal. On the other hand, if they accepted defendant's testimony they could have found that the damage was much less than plaintiff claimed. They might have found, under the evidence, that the damage was due partly to causes other than the obstruction of the ditch, that the obstruction was largely due to the slipping of quicksand and to the timbers placed by plaintiff, or that the interference of defendant's stock was so infrequent as to cause but little damage.

2. The exclusion of certain opinion evidence of witness Charles Murray was not excepted to in the trial court. It will therefore not be reviewed here. Nordheimer v. Kanter, 129 Minn. 529, 152 N. W. 270; Petruschke v. Kamerer, 131 Minn. 320, 155 N. W. 205. The same applies to a blanket assignment of error (number three), to ten pages of testimony of witness Jens Pedersen. We do not find that exception was taken to any of it.

3. Plaintiff claims that he was prejudiced by certain expert testimony of witness Jens Pedersen, as to the sufficiency of the county ditch, which was later stricken out on plaintiff's motion. If the testimony was erroneously received, it was of such a character that the error was cured by striking it from the record. Olson v. Berg, 87 Minn. 277, 91 N. W. 1103; Burch v. Bernard, 107 Minn. 210, 120 N. W. 33.

4. A plat made by witness Pedersen, purporting to show, among other things, the extent of plaintiff's celery ground, was received in evidence. This plat was made in 1917, a year after this alleged cause of action arose, but there was evidence that the celery ground was then of the same extent as during the previous years. It was properly received in evidence.

Exception is taken to certain testimony of the same witness as to the condition of the ditch in 1917. Here, also, there was evidence that the ditch was in the same condition in 1917 as it was during the years involved in this action. With this foundation the testimony was proper.

5. Defendant's son testified that he had never seen defendant's cows or horses in the ditch. Plaintiff then offered proof that the son did see

one of defendant's cows in the ditch in June, 1917. This was rejected as immaterial. It was immaterial what the cows did in 1917, and this immaterial testimony was not admissible for the purpose of impeachment. Manifestly this testimony is not on the same basis as testimony of the condition of the ditch in 1917, supported, as that testimony was, by testimony of similarity of conditions with those of previous years.

Defendant called a witness, F. C. Schletay, to give expert testimony that plaintiff's method of planting celery was not a proper one, and that blight in a celery crop is usually caused by atmospheric moisture. Plaintiff makes a blanket assignment of error to six pages of this testimony. We think the testimony was proper. It tended to disprove that plaintiff's short crop was due to flowage. Plaintiff had complained that excessive water caused blight. It was proper to show that blight was usually due to other causes.

6. Plaintiff excepts to several pages of the court's charge to the jury. The charge, taken as a whole, fairly submitted the case. The court, in substance, charged that if plaintiff had proved "that the defendant, through his negligence, carelessness or indifference, permitted his animals to obstruct this ditch, that such obstruction caused injury to his growing crop, that it was the direct, proximate and immediate cause of the injury," plaintiff was entitled to recover. This was proper.

There was no error in charging that defendant was within his legal right in pasturing that portion of his lot traversed by the ditch. He was within his legal rights in so doing, if, as the court further charged, he exercised "that ordinary and reasonable supervision and care over his animals that the ordinary and reasonable man under the same circumstances would have exercised." This fairly meant "supervision and care" to see that his animals did not interfere with the ditch.

It was not error to charge that if the jury found that defendant had actual knowledge that his cattle were obstructing the ditch they might find him negligent. This did not mean that actual knowledge was indispensable.

On the subject of damages, the court charged that the measure was the difference between the value of the crop immediately preceding the injury, and its value after the infliction of the injury. The correctness of this portion of the charge is clear, and is conceded. It was not error to

further charge that they "could apply the test of how much more that lot 14 would have sold for in the market with the crop on, than it would have sold for without the crop." This test has been approved by this court. Ward v. Chicago, M. & St. P. Ry. Co. 61 Minn. 449, 63 N. W. 1104. If there was no evidence as to the value of the land before and after the injury that fact could not well prejudice plaintiff.

Other objections do not seem to require especial mention.

Order affirmed.